In re the Marriage of Diane Lynn HADRAVA, Petitioner, Appellant,

v.

Larry Gene HADRAVA, Respondent.

No. C5-84-925.

Court of Appeals of Minnesota.

Nov. 13, 1984.

Paul T. Benshoof, Smith, Carpenter & Benshoof, P.A., Bemidji, for petitioner, appellant.

George M. Manning, Bailey, Manning & Petterson, Ltd., Bemidji, for respondent.

Heard, considered and decided by PARKER, P.J., and FORSBERG and RANDALL, JJ.

## OPINION

PARKER, Judge.

This is an appeal from an order denying appellant Diane Hadrava's motion for an amended judgment and decree increasing child support. Appellant also requested inclusion of cost-of-living adjustment and withholding language added by the legislature in 1983. The trial court denied all relief requested by the motion. We reverse and remand.

## FACTS

The Hadravas were married in 1975 and divorced on July 21, 1981. They have two children, Michelle Ann, born November 10, 1976, and Kellene Jo, born July 20, 1978. Custody of the children was granted to Diane Hadrava, and child support was set at $180 per month (total) by stipulation of the parties. Neither party has remarried.

At the time of the dissolution in 1981, both parties were employed at Magnetic Peripherals, Inc. (MPI), in Bemidji. Diane was then earning, according to her affidavit, $5.15 per hour, or a net weekly income of $157.95. She presented no figures for gross income. At the time of the modifica-

tion hearing, she was still working at MPI, her wage having increased to $6.32 per hour, or $167.47 net weekly income (excluding overtime). Although respondent claims that, with overtime, appellant is earning as much as he is, Diane claims the overtime is not certain to continue.

Respondent Larry Hadrava is also employed at MPI. In 1981 his adjusted gross income was $13,459, or a gross income of $1,070 per month. His adjusted gross income in 1983 was $19,048, or $1,559 per month. There is no indication of hourly wage, nor of inclusion or exclusion of overtime hours.

Diane's affidavits list total monthly expenses of $1,023.91. There is no breakdown for the expenses attributable to the children, except for babysitting and school lunches. Diane claims that the needs of the children have substantially increased because both children (now eight and six years old) are in school. Other expenses have arisen since Diane purchased a new home through an FMHA program requiring no downpayment. She has had to purchase new furnishings, including new beds for the children.

Diane is renting out the mobile home awarded her in the dissolution, but it appears that the rental is just enough to cover the mobile home payments and lot rent. Her payments on the new home are $174 per month.

Larry is living in the Bemidji Fire Hall and paying no rent in exchange for his services as a volunteer fireman. His affidavits show total monthly expenses of $991. This includes payments on land on which he hopes to build, payments for a motorcycle, and his child support. His basic living expenses are listed at $603 per month.

## ISSUES

1. Did the trial court abuse its discretion in denying appellant's request for an increase in child support?

2. Did the trial court err in denying the request for a cost-of-living provision?

3. Did the trial court err in denying the request for a wage withholding provision?

## DISCUSSION

### I

The basic issue posed by the parties is whether an approximate 40 percent increase in respondent's gross income constitutes "substantially increased * * * earnings" supporting a modification of child support. Minn.Stat. § 518.64, subd. 2 (Supp.1983). Appellant's hourly wage, meanwhile, has increased by 22 percent. Although the statute does not require it, the trial court made a comparison of the parties' relative increases in earnings in denying the motion.

The statute, so far as is pertinent here, reads as follows:

*Subd. 2. Modification.* The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.-72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any.

Minn.Stat. § 518.64, subd. 2 (Supp.1983).

Appellant sought modification based on all the statutory grounds except (4). The third statutory grounds for modification, the receipt of public assistance, refers to Minn.Stat. § 256.72 to 256.87, which involves Aid to Families With Dependent Children (AFDC). Diane is receiving assistance with her child care costs from the Beltrami County Welfare Department; however, she is not receiving AFDC and there is no evidence showing that this is an AFDC program.

Appellant contends that the statutory child support guidelines enacted in 1983, Minn.Stat. § 518.551, subd. 5, should be applied retroactively. The guidelines were enacted effective August 1, 1983. Laws 1983, ch. 308, § 33. Appellant's motion was made February 29, 1984.

This court held, in *Halper v. Halper*, 348 N.W.2d 360, 362 (Minn.Ct.App.1984), that the guidelines were applicable where, although not in effect at the time of the petition for dissolution, they had become effective before the court issued its judgment and decree.

■ There is a presumption against the retroactive application of a statute unless the legislature has clearly evidenced that intent. Minn.Stat. § 645.21 (1982). *Viereck v. Peoples Sav. and Loan Assoc.*, 343 N.W.2d 30, 34 (Minn.1984). Here, we find no retroactive effect in an application of the guidelines to a modification order, provided the court first finds the substantial change in circumstances required for such an order. *See* Minn.Stat. § 518.64, subd. 2; *Heaton v. Heaton*, 329 N.W.2d 553 (Minn. 1983).

■ The child support guidelines are applicable to non-assistance cases. Minn. Stat. § 518.17, subd. 5 (Supp.1983). The trial court in all cases retains jurisdiction to modify a child support order. *See Bjordahl v. Bjordahl*, 308 N.W.2d 817, 818 (Minn.1981). The court, in setting child support on a motion for modification, takes basically the same factors into consideration as in the original order. *Cf.*, Minn. Stat. § 518.64, subd. 2; Minn.Stat. § 518.-17, subd. 4. There is, therefore, no reason why future modifications of support, assuming they are prompted by the requisite change of circumstances, should not be governed by the law in effect at the time of the modification motion. We note that the child support obligor is protected against the retroactive application of the modification order itself. Minn.Stat. § 518.64, subd. 2.

The facts in this case have been developed by means of affidavits and supplemental affidavits written in adversarial fashion and presenting a selective version of each party's income and expenses. Thus, appellant uses a gross annual income for Larry, but a net weekly income, excluding overtime, for herself. No tax returns or other records have been submitted, except for a payroll record of Larry Hadrava. A hearing was held on March 7, 1984, but there is no transcript. Appellant has submitted a Statement of the Proceedings in lieu of a transcript pursuant to Minn.R.Civ. App.P. 110.03, but it contains no factual material.

■ We believe the record is inadequate not only as to the parties' respective gains in earnings, but also as to the needs of the children. We note that a Statement of the Proceedings, being a transcript substitute, should include a summary of the testimony received at a hearing. *See Zimmerman v. Witte Transp. Co.*, 259 N.W.2d 260 (Minn. 1977). The record here requires a remand for further proceedings, as the court found in *Heaton v. Heaton*, 329 N.W.2d 553 (Minn.1983).

■ On remand, the trial court must determine whether appellant has made the showing required for an increase in support. Minn.Stat. § 518.64, subd. 2. She is required to show only one of the statutory grounds for modification. If a substantial change in circumstances is shown, the trial court then must apply the statutory guidelines unless it makes express findings of fact justifying the deviation. Minn.Stat. § 518.17, subd. 5 (Supp.1983).

## II

■ The trial court denied Diane's request for a cost-of-living adjustment provision without finding that Larry Hadrava's income was not subject to cost-of-living increases, as required by Minn.Stat. § 518.-641, subd. 5 (effective August 1, 1983). Hadrava states in his supplemental affidavit that his employment income is not subject to a cost-of-living provision. The lack of an express finding to that effect, however, requires a remand on this issue.

## III

■ The last issue concerns denial of a wage withholding provision, Minn.Stat. § 518.611. This statute now requires such provisions in support orders, including orders previously issued, if requested by the obligee:

> When an order for withholding has not previously been secured, the obligee may * * * move the court, *and the court shall grant the order.*

Minn.Stat. § 518.611, subd. 1 (1982) (emphasis added). Accordingly, we reverse on this issue.

## DECISION

On a motion for modification of support, a record limited to opposing affidavits which do not include comparable figures for the parties' gains in earnings nor adequate indication of the needs of the children, requires a remand. Denial of a cost-of-living adjustment provision requires an express finding that the obligor's income is not subject to such a provision. Denial of a request for a wage withholding provision is reversible error.

Reversed and remanded.