**In re the Marriage of Judith M. KLUGE, petitioner, Appellant,**

v.

**Thomas M. KLUGE, Respondent.**

**No. CX–84–1066.**

Court of Appeals of Minnesota.

Dec. 4, 1984.

Vicki Miller Luoma, Luoma & Luoma, Burnsville, for appellant.

Paul A. Wolff, Eckberg, Lammers, Briggs, Wolff & Vierling, Stillwater, for respondent.

Heard, considered and decided by LANSING, P.J., and CRIPPEN and HUSPENI, JJ.

## OPINION

LANSING, Judge.

Judith Kluge appeals from an order increasing the amount of child support she receives for her two children from $170 per month to $325 per month. She contends the trial court erred in failing to apply the statutory child support guidelines. Thomas Kluge cross-appeals, contending the trial court should have increased his child support obligation only by the percentage of increase in his income. We reverse and remand.

## FACTS

The dissolution judgment and decree entered in June 1977 required Thomas Kluge to pay $250 per month ($83.33 per child) to support three children, who were then between the ages of 7 and 13. At that time his net income was $1,099 per month; Judith Kluge's net income was $220 per month.

In 1983 Judith Kluge moved for an increase in child support. She is now receiving $170 per month for support of two children, ages 14 and 16, because the oldest child is no longer a minor. At the time of the motion Thomas Kluge's net income was $1,723 per month; Judith Kluge's was $595 per month. She has remarried, and her new husband leases a gas station that is in financial difficulty. Her husband also supports two children from a prior marriage and is responsible for their substantial medical expenses.

The trial court found that inflation has caused a substantial change in the needs of the children and the earnings of Thomas Kluge, which makes the terms of the original decree unreasonable and unfair. The court's order increased the child support to $325 per month.

## ISSUE

Did the trial court err in setting child support in an amount lower than the statutory guidelines?

## ANALYSIS

We note initially that both parties appeal from an order modifying Thomas Kluge's support obligation. The proper appeal is from the amended judgment. *See* Minn.R.Civ.App.P. 103.03. Because the parties could amend the judgment and appeal again, however, we will consider the merits for reasons of expediency. *See, e.g., Bjorke v. Bjorke,* 354 N.W.2d 107, 109 (Minn.Ct.App.1984); *Kirby v. Kirby,* 348 N.W.2d 392, 393–94 (Minn.Ct.App.1984).

Minn.Stat. § 518.64, subd. 2 (Supp.1983), provides that child support may be modified upon a showing of one or more of the following:

(1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.-72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreason-

able and unfair. * * * [T]he court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any.

Judith Kluge contends that after finding a substantial increase in both her needs and Thomas Kluge's earnings, the trial court should have set child support based on the guidelines in Minn.Stat. § 518.551, subd. 5 (Supp.1983). Under those guidelines Thomas Kluge would pay 30 percent of his net monthly income, or about $517 per month, unless the court made express findings of fact as to the reason for a lower amount.

■ The trial court found in paragraph IX of its order that the guidelines do not apply to modification motions. In *Hadrava v. Hadrava*, 357 N.W.2d 376, at 379 (Minn.Ct.App.1984), this court held that the child support guidelines apply to modification motions when the moving party has shown a substantial change of circumstances. We agree with the trial court that Judith Kluge has met this threshold requirement, and therefore we hold based on *Hadrava* that the statutory guidelines apply.

■ Thomas Kluge's contention that the trial court should only have increased the support by 56.8 percent (to $260 per month) because his net annual income has increased by that percentage is unpersuasive. His argument fails to account for the fact that, even if the increase ordered by the court was due solely to inflation, the cost of raising children did not necessarily inflate at the same rate as his income.

### DECISION

We reverse and remand to the trial court with directions to set child support in the amount determined by Minn.Stat. § 518.-551, subd. 5 (Supp.1983), unless there are reasons for departing above or below the guidelines.

Reversed and remanded.