In re the Marriage of Peter L. **ALVORD, petitioner, Appellant,**

v.

**Janet P. ALVORD, Respondent.**

No. C5–84–1931.

Court of Appeals of Minnesota.

April 9, 1985.

Todd R. Haugan, Minneapolis, for appellant.

Candice M. Hojan, St. Paul, for respondent.

Heard, considered, and decided by HUSPENI, P.J., and FOLEY and WOZNIAK, JJ.

## OPINION

WOZNIAK, Judge.

This is a dispute over child support. The father appeals from family court findings and an order requiring him to increase child support from $500 to $750 per month and to pay $500 attorney's fees. The mother requests review of the same order. She seeks an increase in monthly support to $803 and also seeks additional attorney's fees. The court ruled that the $250 increase in child support would be effective as of the first hearing date. We affirm.

## FACTS

Peter and Janet Alvord had four children by their marriage. In 1981 a divorce decree was entered in Wisconsin upon stipulation. At that time the parties agreed to child support payments of $600 per month. Subsequently, one child became emancipated and the court ordered a reduction to $500. The parties have since moved.

In December 1983 the mother availed herself of Minnesota jurisdiction and requested an increase in child support. The matter came before a family court referee in July 1984. The referee determined that the mother was entitled to $750 per month, effective January 23, 1984 (the date of the parties' first hearing, at which it was decided that Minnesota had jurisdiction). The mother was also awarded $500 attorney's fees. This order was confirmed on September 21, 1984 in family court.

The family court found that the father's income had increased since the time of the divorce from $35,064 to $39,396. The mother's 1982 income, including $1,800 in maintenance, was $7,552. Her projected 1984 income was found to be $8,454. Despite the father's assertion that the mother's current monthly expenses for herself and the children totalled $1,387.69, the court found, based on the evidence, that these expenses equalled $1,593. The court found in detail that the mother's expenses had increased since 1982 and that "the needs of the three minor children have substantially increased" on account of their growth and daycare costs. In addressing factors contained in Minn.Stat. § 518.64 (1982), the court summed up:

> Therefore, due to the increased needs of the children, the increased expenses of respondent (mother), and the increased earnings of petitioner (father), the court finds that there has been a substantial change of circumstances so that the existing support order is unreasonable.

The district court affirmed the referee in all respects. Child support was increased to $750 per month effective January 23, 1984. This support was made subject to cost-of-living adjustments. Minn.Stat. § 518.641 (Supp.1983). The order did not increase attorney's fees beyond the referee's original award of $500.

## ISSUES

1. Was there a change in circumstances sufficient to warrant an increase in child support under Minn.Stat. § 518.64?

2. Did the mother preserve for appeal the issue of whether the child support payments should be increased in accordance with the Minnesota Child Support Guidelines?

3. Did the court err by making the increase effective as of the date of the parties' first hearing?

4. Did the court err by ordering automatic biennial increases in child support?

5. Did the court err by not increasing the mother's award of attorney's fees?

## ANALYSIS

1. Child support may be modified upon a showing of increased earnings of a party, increased need of a party, a receipt of AFDC, or a change in the cost of living for either party, any of which makes the existing child support level unreasonable and unfair. Minn.Stat. § 518.64, subd. 2 (Supp.1983). The record here adequately sets out the parties' respective gains in earnings and also the mother's increased expenses. The determination that her total monthly expenses were $1,593 is reasonable in light of check registers indicating $1,387.69 in average monthly expenses. The check register was averaged over a long period of time. More recently, however, the mother's expenses exceeded the monthly average. Moreover, the court concluded that some expenses were covered with cash. The court's findings were based on affidavits and financial information which showed that the increase in child support from $500 to $750 per month would cover the increased cost of living. More specific findings on the needs of the children were not made. However, contrary to the father's contentions, *Hadrava v. Hadrava*, 357 N.W.2d 376 (Minn.Ct.App. 1984), does not require explicit findings on the needs of the child.

In light of finding increased costs associated with raising the children and the father's increased ability to pay, the court responsibly exercised its discretion by increasing the amount of child support. In the event that the parties' financial circumstances should change in the future, they are not precluded from seeking relief at that time.

2. We have held that modifications of child support are to be calculated pursuant to the Minnesota Child Support Guidelines. *Hadrava*, 357 N.W.2d at 379; Minn. Stat. § 518.551 (Supp.1983). The mother contends that under the Guidelines she would be entitled to monthly payments of $808. She raised this issue in the trial court, but she has not properly asked this court to review the issue by filing a notice

of review. Minn.R.Civ.App.P. 106. We decline to grant discretionary review of this issue.

■ 3. The father contends that the court erred by backdating the child support increase to the first hearing date on January 23, 1984. He contends that modifications may not be made retroactive when the party paying support has complied with previous orders. Minn.Stat. § 518.64, subd. 2.

In *Hill v. Hill,* 356 N.W.2d 49, 58 (Minn. Ct.App.1984), this court let stand an order for temporary child support made retroactive to the date that the custodial parent first applied for relief. The present situation is analogous, except that section 518.64, subd. 2 prohibits retroactive modifications of support. The issue is whether a modification backdated to the first hearing is, in fact, retroactive, or whether retroactivity really applies to the time period before a party petitions for relief. We hold orders made effective as of the first hearing date in a modification matter are not "retroactive" within the meaning of section 518.64, subd. 2. In this case, eight months elapsed between the date of the first hearing and the dispositive order. The opposing party should not be entitled to profit by the delay. Our holding allows the trial court some discretion in fashioning relief.

■ The father contends that the so-called retroactive award in this case is particularly egregious. The child support increase was effective January 23, 1984. But the father's salary did not increase from $36,585 to $39,396 until May 15, 1984. Prior to May 15, 1984, the father's net income was approximately $2,137 monthly. Under the support guidelines, he would have been required to pay 35% of his salary, or $748 per month, in child support. Minn.Stat. § 518.551, subd. 5 (Supp.1983). Therefore, payments of $750 per month between January and May 1984 were not unreasonable. Under these circumstances, the court did not err by making the child support increase effective as of January 23, 1984.

■ 4. The father contends that the initial decree does not terminate support benefits when a child becomes emancipated so that, in effect, as one child becomes of age, the others receive a windfall. The father claims that this is a step increase which obviates the need for a cost-of-living adjustment in child support. The father claims that the court erred by imposing biennial support increases pursuant to Minn.Stat. § 518.641 (Supp.1983).

This argument is not convincing. The oldest minor child is ten years of age. Under the father's scheme, the next child support increase would not occur for eight years. Therefore, the court did not err by providing for more systematic adjustments to child support.

The court's ruling under § 518.641 was not unreasonable.

■ 5. The mother requested the court to increase her award of attorney's fees beyond the $500 set by the referee. The mother's monthly expenses were calculated in part by including payments made to her attorney. Thus, it would be double counting to award her fees in addition to a child support increase. The award of attorney's fees in a dissolution action is discretionary and we do not disturb the award here. *Bogen v. Bogen,* 261 N.W.2d 606 (Minn.1977).

### DECISION

1. Increased needs of the children and increased earnings of the father justified an increase in child support.

2. The mother did not preserve for review the issue of whether modifications in child support are to be calculated pursuant to the Child Support Guidelines.

3. The court did not err by making the increase in child support effective as of the date of the parties' first hearing.

4. The court did not err by ordering biennial increases in child support pursuant to Minn.Stat. § 518.641.

5. The court did not err by denying the mother's request for additional attorney's fees.

We affirm.