**In re the Marriage of Cheryl J. NEARY, Petitioner, Appellant,**

v.

**Thomas S. NEARY, Respondent.**

**No. C4-84-2116.**

Court of Appeals of Minnesota.

April 23, 1985.

Paul M. Nesvig, St. Paul, for appellant.

John G. Bell, St. Paul, for respondent.

Considered and decided by NIEREN-GARTEN, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Cheryl Neary appeals an order denying her motion for an increase in child support. Respondent appeals an order denying his motion for a decrease in child support. The trial court found that a $5,000 increase in respondent's income does not represent a substantial increase in his earnings; therefore, it denied modification of child support. We reverse and remand.

## FACTS

Cheryl and Thomas Neary were divorced in 1973. Ramsey County Court awarded custody of their two minor children, then ages two and three, to Cheryl. Thomas paid child support. In 1979, Cheryl moved for an increase in child support and stipulated to $100 per month per child. At that time, respondent's net income was $940 per month, or $11,280 annually.

In 1984, appellant again moved for an increase in child support. At this time, respondent was self-employed as a crane operator. Respondent's second wife joined him in his business. There is no formal partnership agreement entered into or signed by respondent and his second wife with respect to the operation of their business. The trial court found that respondent and his present wife do have a partnership and each have a net income of $16,000. Appellant argues that a net partnership income of $32,000 is not accurate based on tax returns and checking account records. Cheryl alleges the correct figure is $50,000. Nevertheless, based on the $16,000 figure, the trial court found that a $5,000 increase in income (from $11,280) is not a substantial increase. Therefore, Cheryl's motion for an increase in child support was denied.

## ISSUES

1. Is a $5,000 increase in income a substantial increase, justifying a modification in child support?

2. Did the trial court err in not applying the child support guidelines established by Minn.Stat. § 518.641 to this case?

## ANALYSIS

1. Appellant contends that the trial court erred in finding no change of circumstances as required by Minn.Stat. § 518.64, subd. 2 (Supp.1983). The relevant part of the statute states:

The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: 1) substantially increased or decreased earnings of a party; 2) substantially increased or decreased needs of a party; * * * any of which makes the terms unreasonable and unfair * * *.

The appellant asserts that a $5,000 increase in respondent's income constitutes a substantial increase and is the basis for a modification of child support. Appellant relies on *Kluge v. Kluge*, 358 N.W.2d 485 (Minn.Ct.App.1984) and *Scott v. Scott*, 352 N.W.2d 62 (Minn.Ct.App.1984).

In *Kluge*, we awarded an increase in child support based on the husband's increased income from $1,099 to $1,723 per month, and the increased needs of the children due to inflation.

In *Scott*, we again awarded an increase in child support based on both the increase in the husband's earnings and the increased needs of the children.

■ Respondent attempts to distinguish these cases by asserting that the increases in income were substantial in *Kluge* and *Scott*, but only minimal here. Although the two cases cited involved greater increases in income, a $5,000 increase over $11,280 is substantial and is sufficient for increasing child support. This case falls within Minn.Stat. § 518.64, subd. 2, and justifies modification of child support.

■ 2. Appellant contends that the trial court erred in not applying the child support guidelines established by Minn.Stat. § 518.551, subd. 5 (Supp.1983). In *Hadrava v. Hadrava*, 357 N.W.2d 376 (Minn.Ct. App.1984), we held that child support guidelines do apply to modification of child support cases. We specifically said that once a change in circumstances is shown, "the trial court [on remand] then must apply the statutory guidelines unless it makes express findings of fact justifying the deviation." *Id.* at 379. Here, a $5,000 increase in respondent's income represents a substantial increase in his earnings and warrants an increase in child support.

Minn.Stat. § 518.551, subd. 5, must be applied.

## DECISION

Reversed and remanded to increase child support consistent with this opinion.