**In re the Marriage of Jean Ann ERICKSON, Petitioner, Respondent,**

v.

**Lawrence Gregory ERICKSON, Appellant.**

**No. C7–84–1770.**

Court of Appeals of Minnesota.

May 21, 1985.

Review Granted July 24, 1985.

Dennis L. Briguet, West St. Paul, for appellant.

Paul M. Nesvig, St. Paul, for respondent.

Heard, considered and decided by NIER-ENGARTEN, P.J., and FOLEY and LESLIE, JJ.

## OPINION

FOLEY, Judge.

This is before the court on appeal from an amended judgment. The trial court awarded the respondent an increase of child support, and found the appellant in contempt for failure to provide insurance as required by the divorce decree.

We affirm in part and remand for entry of the proper child support amount pursuant to the guidelines.

## FACTS

The parties' marriage was dissolved in 1978. The respondent was granted custody of their three minor children. The appellant was ordered to provide health insurance and $355,000 of life insurance for the children's benefit, and to pay $900 per month as child support.

In May 1984, the respondent brought a motion to increase child support, and to find the appellant in contempt for failure to provide the requisite life and health insurance.

In June 1984, the trial court ordered child support increased to $1,420 per month, based on appellant's 1983 net income of $56,835, and found the appellant in contempt for failure to provide the requisite insurance. The amended judgment was entered on August 28, 1984, incorporating the provisions of the contempt order. The court held that the appellant could purge himself of contempt by, among other things, maintaining $155,000 of life insurance for the children's benefit, and, in lieu of the $200,000 balance of insurance coverage, paying $50 per month into a trust fund for the children.

## ISSUES

1. Did the trial court err in modifying the amount of child support where the record shows a substantial increase in the appellant's income, and an increase in the needs of the children?

2. Did the trial court err in requiring the appellant to purge himself of contempt by maintaining $155,000 of life insurance for the children's benefit, together with $50 per month to the children's trust fund in lieu of $355,000 of insurance?

## ANALYSIS

1.(a) The trial court has broad discretion in custody and support cases and will not be reversed absent a clear abuse of discre-

tion. *See Reck v. Reck,* 346 N.W.2d 675, 677 (Minn.Ct.App.1984); (citing *Peterson v. Peterson,* 304 Minn. 578, 231 N.W.2d 85 (1975); and *Hennessy v. Stelton,* 302 Minn. 550, 224 N.W.2d 926 (1974)).

■ On petition of either party or the public authority responsible for support enforcement, the court may modify an order for child support. Minn.Stat. § 518.64, subd. 1 (Supp.1983). The trial court must follow Minn.Stat. § 518.64, subd. 2 (Supp. 1983), which provides in part:

> The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.-72 to 256.87; or (4) a change in the cost of living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any.

This statute is unaffected by the recent changes in the law of child support. *See* 1984 Minn.Laws ch. 547.

■ There is ample evidence to support the trial court's conclusion that the appellant's substantial increase in income made the terms of the support agreement unreasonable and unfair. In 1978 appellant's gross income was $45,000. In each of the three years preceding the amended judgment, however, his gross income exceeded $85,000. In 1983, the immediately preceding year, his gross income was $86,606 and his net income $56,835.

The appellant raises the issue whether this substantial increase in income by itself entitles the respondent to an increase of child support. The question is academic. The trial court did not solely rely on the rise in income in awarding more child support. The record contains evidence of the children's increased need and of the respondent's spouse's financial situation.

(b) Having determined there was a substantial change in circumstances which made the terms of child support unreasonable and unfair, the court must determine the amount of child support.

■ The child support guidelines of Minn.Stat. § 518.551, subd. 5 (supp.1983), normally apply to all child support cases. *Halper v. Halper,* 348 N.W.2d 360 (Minn. Ct.App.1984); Minn.Stat. § 518.17, subd. 5. If a substantial change of circumstances is shown, the trial court must apply the statutory guidelines unless it makes express findings of fact justifying the deviation. Minn.Stat. § 518.17, subd. 5 (supp.1983); *Hadrava v. Hadrava,* 357 N.W.2d 376, 379 (Minn.Ct.App.1984).

■ Appellant has a net income of $4,736 per month, as found by the trial court. The guidelines indicate that, with three children, he should have been ordered to pay 35 per cent of his net monthly income for child support, rather than the 30 per cent ordered by the trial court. Minn. Stat. § 518.551, subd. 5. The trial court did not make findings justifying this departure. Minn.Stat. § 518.551, subd. 5(e). We remand for entry of an order directing payment of 35 per cent of appellant's net monthly income, or $1,657.60 per month, for child support.

2. With respect to the contempt proceeding, the Minnesota Supreme Court has held:

> Because of the limited and essential purpose of civil contempt proceedings, particularly in divorce cases where alimony and support are ordered, we must recognize here a measure of authority and discretion in the trial judge far in excess of that which exists in criminal cases. In civil contempt, the function of the court is to make the rights of one individual as against another meaningful. When the duty is performed, the concern of the court is satisfied. If the duty is one specifically defined by a proper decree of the court, it must be free to compel performance by methods which are speedy, efficient, and sufficiently flexible to meet

the problem at hand. Particularly in support cases, the proper discharge of the judge's responsibilities should not be frustrated by delay and formalism.

*Hopp v. Hopp,* 279 Minn. 170, 174, 156 N.W.2d 212, 216 (1960).

■ Requiring the appellant to purge himself of contempt by maintaining $155,000 of life insurance for the children's benefit, together with $50 per month to the children's trust fund in lieu of $355,000 of insurance, was within the trial court's discretion.

## DECISION

The trial court correctly found a substantial change in circumstances justifying a modification of the child support ordered. The court, however, deviated from the guidelines without supportive findings, and this issue is remanded for an order of support pursuant to the guidelines. The contempt order was within the court's discretion.

Affirmed and remanded in part.