**In re the Marriage of Bonnie Y. MOYLAN, Petitioner, Respondent,**

v.

**Gerald G. MOYLAN, Appellant.**

**No. C2–84–2177.**

Court of Appeals of Minnesota.

May 28, 1985.

Review Granted July 24, 1985.

Richard D. Goff, Goff, Kaplan & Wolf, St. Paul, for respondent.

James C. Cuneo, Smith, Juster, Feikema, Malmon & Haskvitz, Minneapolis, for appellant.

Heard, considered, and decided by RANDALL, P.J., and SEDGWICK and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

Appellant father Gerald Moylan appeals from the trial court's modification of child support in accordance with the statutory guidelines and the court's refusal to give credit for noncash payments.  Respondent

mother Bonnie Moylan seeks review of the trial court's denial of attorney's fees to mother. We affirm.

## FACTS

The parties' marriage was dissolved in 1975. The decree of dissolution provided that mother and the parties' three children occupy the portion of the family home owned by father rent-free until all of the children were emancipated. Support in the amount of $75 per month per child was awarded. A step increase to $100 per month was to become effective when the youngest child became 14, at which time the other children would be emancipated.

In December 1983, shortly after the youngest child became 14, mother obtained an order to show cause which requested inter alia that the child support be increased to 25% of father's net income or $500 per month, whichever was greater, and that the decree be modified for the statutory cost-of-living adjustments. In the years since the dissolution, father's income had increased from approximately $24,000 per year to more than $60,000; mother's from $8,800 to approximately $11,500. Mother also alleged that her monthly expenses had increased from about $1,160 to $2,120. The trial court granted only a cost-of-living increase, but stated that mother should be allowed to reintroduce her child support motion if she so chose.

In August 1984, mother served another order to show cause and again moved for the increase in child support to $500 per month or 25% of father's net income, whichever was greater, as well as for attorney's fees. After hearing on October 1, 1984, the trial court took mother's motions under advisement. On November 13, 1984, this court issued its decision in *Hadrava v. Hadrava*, 357 N.W.2d 376 (Minn.Ct.App. 1984). On November 28, 1984, the trial court issued its order, finding that father had a substantial increase in earnings as contemplated by Minn.Stat. § 518.64, subd. 2 (Supp.1983), and modified the decree to increase the child support in accordance

with the statutory guidelines from $100 per month to $943.56 per month, the appropriate support guidelines amount. In making this determination, the trial court refused to give father credit for noncash payments, such as health insurance payments or part of the fair rental value of the house. Mother's request for attorney's fees was denied.

## ISSUES

1. Did the trial court properly apply the statutory support guidelines?

2. Should the trial court have allowed father credit for noncash payments, such as the fair rental value of the house?

3. Did the trial court abuse its discretion in refusing to award attorney's fees to mother?

## ANALYSIS

Pursuant to Minn.Stat. § 518.64, subd. 2 (Supp.1983), a support decree may be modified:

upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any.

In *Hadrava*, this court ruled that the support guidelines apply to post-decree requests for modification of support, provided that a requisite change in circumstances is found. Upon a showing of changed circumstances, the trial court "must then apply the statutory guidelines unless it makes express findings of fact justifying the deviation." *Hadrava*, 357 N.W.2d at 379.

1. Father argues that the trial court here read *Hadrava* too narrowly with respect to the showing necessary to justify

an increase in support. He cites *Heaton v. Heaton*, 329 N.W.2d 553 (Minn.1983) for the proposition that the court must consider the changes in earnings and need, and must further consider the needs of the children. Father alleges that in the present case the increased needs of the child were not adequately established with credible evidence. We disagree.

■ While our review would have been facilitated by the presence of complete findings regarding the needs of the minor child, we do not deem remand to be necessary. The record before the trial court contained affidavits of both parties. The parties' opinions regarding the needs of the child were adequately set forth in those affidavits. Although findings are of great assistance on review, this court recognized in *Giencke v. Haglund*, 364 N.W.2d 433 (Minn.Ct.App.1985) that they are "not absolutely necessary where a court modifies a judgment of dissolution under Minn.Stat. § 518.64, subd. 2." *Id.* at 435. What is absolutely necessary is that the record be complete enough to facilitate proper review of the trial court's determinations. It is here.

Father next argues that the trial court erred in "mechanically" applying the guidelines. In the memorandum accompanying its November 28, 1984 order, the trial court stated:

> [A]s this court understands [*Hadrava*], it is incumbent upon the trial court to apply the statutory guidelines unless it makes express findings of fact justifying a deviation. This court has applied the guidelines to this case.

We recognize that *Hadrava* was issued while the trial court had this matter under advisement. While it may have been the better practice to permit the parties to argue or submit affidavits regarding the import of *Hadrava*, such action was not essential. Father was aware of mother's request that child support be, alternatively, 25% of father's net income (the precise guideline percentage), and the trial court expressed in its memorandum proper acknowledgment of its deviation authority.

■ Further, although the court did not specifically find the current support unreasonable and unfair, we note that child support for a 14-year old at $100 per month was extremely modest. Mother's expense affidavit was before the court, as was affidavit evidence of the recent onset of diabetes in the minor child, a condition which will almost certainly involve additional expense for mother and child. We find no merit in father's argument that the court erred in modifying child support to establish that support at the guidelines level.

■ Father next argues that application of *Hadrava* gives no recognition to a prior stipulation negotiated by the parties in regard to child support. We recognize that it is in the best interests of minor children and both parties to encourage stipulations. *Fifield v. Fifield*, 360 N.W.2d 673 (Minn.Ct.App.1985). Also, stipulations are a factor to be considered when ruling on a modification for support. *Claybaugh v. Claybaugh*, 312 N.W.2d 447 (Minn.1981). However, the welfare of the minor child must always be of primary concern.

> Courts will not be bound by an agreement between parents affecting rights of minor children with respect to support but will be controlled by the welfare of the child as the paramount consideration. (Citations to cases omitted.)

*Tammen v. Tammen*, 289 Minn. 28, 30, 182 N.W.2d 840, 842 (1970). The parties' support stipulation was entered into nine years before the modification. That stipulation enabled father to pay the modest sum of $100 per month child support. We find no error, nor do we find any discouragement of stipulations in the court's refusal to be bound by the parties' stipulation when such adherence would serve neither the minor child's best interests nor her needs.

2. Father argues that the trial court erred in refusing to give him credit for the value of child support which was paid indirectly. He urges that the modified support should have been reduced by the value of health and dental insurance he provides and by the value of the free rent.

In *Scott v. Scott,* 352 N.W.2d 62 (Minn.Ct.App.1984), this court noted that the respondent was required to provide medical insurance as part of the decree and stated that upon remand, the trial court could deduct this expense from the husband's payment, "if appropriate." *Scott,* 352 N.W.2d at 65. In the present case, the trial court specifically stated that it was not appropriate to reduce the child support by the child's portion of the rental value of the home. The value of the insurance was before the trial court also. Failure to reduce support by the value of rent and insurance was not an abuse of discretion.

3. Mother argues that the trial court abused its discretion by denying her request for attorney's fees. An award of attorney's fees pursuant to Minn.Stat. § 518.14 (1984) is almost totally within the trial court's discretion. *Bogen v. Bogen,* 261 N.W.2d 606 (Minn.1977). In consideration of the parties' relative financial positions, we find no abuse in the court's denial of mother's request for attorney's fees.

### DECISION

The trial court properly applied the statutory guidelines for modification of child support and did not err in refusing to give father credit for noncash support contributions such as insurance and a rent-free house for mother and daughter. Neither did the trial court err in denying to mother an award of attorney's fees.

Affirmed.