**In re the Marriage of Patricia L. MELEEN, petitioner, Appellant,**

**v.**

**Gerald A. MELEEN, Respondent.**

No. C2–85–939.

Court of Appeals of Minnesota.

Aug. 20, 1985.

Loren E. Gross, Minneapolis, for appellant.

Anne L. Mohaupt, Milaca, for respondent.

Considered and decided by CRIPPEN, P.J., and SEDGWICK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Appellant moved to increase child support. The court found the factors present to increase support, but did not apply the guidelines. We affirm in part, reverse and remand in part.

## FACTS

The parties' marriage was dissolved in 1973. Appellant was then on AFDC. She presently is employed earning a gross yearly salary of $17,000. Respondent's income in 1973 is not of record, but in 1981 he earned a gross salary of $25,000 per year.

In 1984 his gross yearly salary was $34,500. His net was not determined, but is between $1,600 and $1,800 per month. There has been no change in the $100 monthly child support he has paid for Tricia, now age 14, since 1973.

The trial court found a substantial increase in appellant's income, no substantial increase in respondent's income, but a substantial change in his expenses since the parties' other child is now emancipated, and substantial increased needs of Tricia, including significant medical expenses. On these findings, the court increased support for Tricia from $100 to $200 per month.

## ISSUE

Did the trial court err in not applying the guidelines?

## ANALYSIS

■ The trial court clearly considered the factors in Minn.Stat. § 518.64, subd. 2 (1984), in its findings. Once a substantial change in circumstances is shown which makes the terms of the original judgment unreasonable or unfair, the child support guidelines under Minn.Stat. § 518.551, subd. 5, must be applied. *Neary v. Neary*, 366 N.W.2d 369 (Minn.Ct.App.1985); *Hadrava v. Hadrava*, 357 N.W.2d 376 (Minn. Ct.App.1984).

It is error for the trial court to deviate from the guidelines without making express findings of fact justifying the deviation. *Erickson v. Erickson*, 367 N.W.2d 685, 687 (Minn.Ct.App.1985), *pet. for rev. pending*.

## DECISION

■ Once the court determines a substantial change of circumstances justifying modification of child support, it is error to depart from the guidelines without express findings justifying departure. We affirm the court's findings and reverse and remand for findings of respondent's net income and application of the guidelines. Appellant is awarded $350 attorneys fees in connection with this appeal.