**In re the Marriage of Dean W. GARDNER, Petitioner, Appellant,**

v.

**Jean M. GARDNER, n.k.a. Jean Anderson, Respondent.**

**No. C1–85–1418.**

Court of Appeals of Minnesota.

May 13, 1986.

James Del Vecchio, Hyatt Legal Services, Coon Rapids, for appellant.

D. Gerald Wilhelm, Martin Co. Atty., Fairmont, for respondent.

Heard, considered and decided by PARKER, P.J., and LANSING and CRIPPEN, JJ.

## MEMORANDUM OPINION

LANSING, Judge.

Dean Gardner appeals the trial court's order finding him indebted to respondent for $9,650 in unpaid child support. We affirm.

## FACTS

Dean Gardner and Jean Anderson were divorced in June 1982. The decree incorporates a stipulation in which Dean Gardner agreed to pay $650 per month in support for his three children.

In September 1982 Dean Gardner remarried and adopted his second wife's two children. About a year later, in October 1983, he sold some real estate and his chiropractic business in Fairmont and moved to Forest Lake, where he opened a new office. There is no evidence in the record as to why Gardner sold his practice and moved to Forest Lake. It was not a successful move. From September 1983 through March 1984 he accumulated about $2,000 in child support arrearages.

In March 1984 Jean Anderson moved to hold him in contempt. On April 11 the trial court issued an order finding him in contempt for willful failure to pay support. Imposition of sentence was stayed "upon the condition that [Gardner] remain current in his child support obligation, commencing in April of 1984."

Gardner paid no support at all from March 1984 onward. He moved to reduce his child support obligation. After a hearing in June 1984 the trial court continued the motion until Gardner's 1984 income tax statement was prepared because of the "complexity of the income and expense schedule and the fact that the petitioner is a self-employed individual" and ordered Gardner to file monthly income and expense statements. Anderson's attorney objected to the continuance.

Another hearing was held on October 29. Gardner presented evidence about the extent of his debt. The court continued the hearing once again and ordered him to

have his 1984 income tax return prepared by the following April.

At a hearing on April 4, 1985, Gardner provided his 1984 income tax return. It shows about $34,749 in gross receipts and $34,998 in business deductions for a net loss of $469. In an order dated May 2, 1985, the trial court found that Gardner's net annual income in 1984 was $8,000, reduced Gardner's child support obligation to $165 per month, ruled that Gardner was not in contempt of court, and refused to relate back the order or to forgive arrearages. Gardner appeals.[1]

## ANALYSIS

Gardner's only argument on appeal is that the trial court abused its discretion in holding him responsible for all unpaid child support. He argues that the interval between the first hearing on his motion in June 1984 and the trial court's final order in May 1985 allowed arrearages to accumulate to $9,650 "through no fault of [his own]." In effect, he is arguing that the trial court abused its discretion in taking ten months to decide his motion.

Gardner never objected to the continuances. He remained subject to the prior order until it was modified. Most of the arrearages accumulated because Gardner failed to pay *any* support while decision on his motion was pending. The trial court did not abuse its discretion in refusing to relate back the modification order to the first hearing on Gardner's motion, *see Alvord v. Alvord,* 365 N.W.2d 360, 363 (Minn. Ct.App.1985), or in refusing to forgive arrearages that accumulated prior to the modification order, *see Bledsoe v. Bledsoe,* 344 N.W.2d 892, 895 (Minn.Ct.App.1984).

## DECISION

The trial court did not abuse its discretion in refusing to relate back a modification order or to forgive child support arrearages.

Affirmed.

1. Jean Anderson did not appeal the reduction in child support, although there is no explanation in the record of how the trial court determined Gardner's 1984 net income to be $8,000.