**In the Matter of the WELFARE OF S.K.**

No. C9–85–2350.

Court of Appeals of Minnesota.

June 17, 1986.

Lawrence Olson, Roseville, for appellant D.K.

Philip D. Bush, Minneapolis, for respondent J.K.

Ann Stiehm Ahlstrom, Minneapolis, for Hennepin Co.

Candace J. Barr, Minneapolis, for guardian.

Considered and decided by SEDGWICK, P.J., and PARKER and FORSBERG, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

D.K. appeals an order of the juvenile court, which modifies a 1982 family court decree, to increase child support to $535 per month. We affirm.

## FACTS

J.K. (respondent) and D.K. (appellant) were divorced on October 1, 1982. There were two minor children from the marriage, D.K. and S.K. The decree awarded respondent (mother) $300 in maintenance until October 1, 1986. The trial court ordered that appellant (father) pay child support of $150 per month per child or $300 per month. The child support award was to increase to $200 per month per child on October 1, 1986.

A family court referee referred the case to the juvenile court division in December 1983, based upon allegations that appellant sexually abused S.K. The referee's order transferring the file to juvenile court was confirmed by the district court.

A petition alleging dependency and neglect was filed in the juvenile court. The juvenile court found S.K. dependent as to both parents. S.K. was returned to his mother's custody after she met court-ordered goals. The allegations of sexual abuse were dropped, but the case was not

transferred to family court and the dependency petition was not dismissed by the juvenile court.

In December 1984, appellant moved the juvenile court to grant him full physical custody of S.K., or to expand his visitation. In February 1985, respondent moved the juvenile court for an increase in child support. This motion was eventually heard in August 1985. The trial court's order increasing child support was issued in November 1985.

## ISSUES

1. Did the juvenile court have jurisdiction to modify the family court's award respecting child support?

2. Did the juvenile court err in modifying the family court award to increase child support?

## ANALYSIS

1. Appellant argues that the juvenile court lacked jurisdiction to modify the family court award respecting child support.

■ Generally, the district courts have original jurisdiction in all civil actions within their respective districts. Minn.Stat. § 484.01 (1984).

In Ramsey and Hennepin Counties, the district court is the juvenile court. Minn. Stat. § 260.019, subd. 1 (1984). The juvenile court has "original and exclusive jurisdiction" in proceedings concerning any child who is alleged to be neglected. Minn. Stat. § 260.111, subd. 1 (1984). If the court finds a child is neglected, dependent, or neglected and in foster care, it shall enter an order making any of a number of dispositions, including placement, transfer of legal custody, or provision of special treatment. Minn.Stat. § 260.191, subd. 1 (1984).

The district court judge, family court division, shall hear and determine all family matters assigned by the chief judge of the fourth judicial district. Minn.Stat 484.65, subd. 2 (1984).

We acknowledge the unique jurisdiction of the juvenile court in determining matters regarding juveniles. However, the juvenile court is not divested of authority to hear other matters within the district court's jurisdiction. In the interests of judicial economy since the parties were before the juvenile court, that court properly heard the child support motion.

2. Appellant argues that the trial court erred in granting an increase in child support, from $400 to $535 per month. He argues that respondent's expenses have decreased, that her salary has increased, and that his gross salary has only increased by $5.00 per week.

The appellate court will not reverse child support modification decisions unless the trial court clearly abused its discretion. *Moylan v. Moylan,* 384 N.W.2d 859, 864 (Minn.1986) (citations omitted); *see Thielbar v. Defiel,* 378 N.W.2d 643 (Minn.Ct. App.1985) (child support increase was denied where nothing in the record indicated the original order was unreasonable and unfair).

■ The supreme court has held that the statute requires a two part analysis prior to modification. *Moylan,* 384 N.W.2d at 864.

(1) Do any of the four factors in Minn. Stat. § 518.64, subd. 2, alone or in combination, create a substantial change in circumstances warranting a modification of child support?; and (2) if so, after considering the needs of the children and the financial situation of the parties' spouses what modification should the court make?

*Id.*

In addition, the record should reveal that the trial court actually considered the appropriate statutory factors. *Id.* at 865.

Respondent's affidavit of May 1985 indicated that her income in 1983 was $4,906 gross, or about $408 per month gross. Her income in 1984 was $3,680 gross, or about $306 per month gross. She listed $1,110 in fixed monthly expenses. In addition, respondent described in two pages other non-itemized expenses, such as (a) S.K.'s medical treatment expenses; (b) increased cloth-

ing and living expenses for the children; (c) a property tax increase of $30 per month; (d) increased school expenses for the children; (e) used car expenses indicating the need for a new car; (f) maintenance needs on the house, which remain unmet due to lack of funds; (g) appliance repair and replacement needs; (h) inability to save for the children's future education expenses.

The trial court found the needs of the two children had increased substantially since the date of the divorce; the children's basic clothing, household, living and transportation needs were unmet because of respondent's minimal income; and S.K.'s special medical needs justified an increase.

According to the child support guidelines, the amount appellant should pay for the support of two children is 30% of his net monthly income. Here, that amount would be almost exactly $535, the figure that the trial court awarded. In addition, the trial court made proper findings under Minn.Stat. § 518.64, subd. 2 (Supp.1985). *See Moylan,* 384 N.W.2d at 865. There was no error in awarding the increase.

■ The hearing in this matter was held in August 1985, but the order was not forthcoming until November 1985. The trial court ordered that the increase be effective in August, but allowed appellant to pay the increase for August, September and October in monthly increments of $50.

Appellant argues that the trial court erred by ordering him to pay the increase retroactively. Minn.Stat. § 518.64, subd. 2 (Supp.1985), provides that a "modification which increases support or maintenance shall not be made retroactive if the obligor has substantially complied with the previous order." In *Alvord v. Alvord,* 365 N.W.2d 360 (Minn.Ct.App.1985), this court held that orders made effective as of the first hearing date in a modification case are not retroactive within the meaning of Minn. Stat. § 518.64, subd. 2. Under *Alvord,* it was proper to make the child support increase effective as of the hearing in August 1985. Therefore, this award is not retroactive within the meaning of § 518.64.

## DECISION

We affirm the decision of the trial court.