**In re the Marriage of Linda Ann SMITH, f.k.a. Linda Ann Ocell, Petitioner, Appellant,**

**v.**

**Thomas OCELL, Respondent.**

**No. C0–86–1890.**

Court of Appeals of Minnesota.

May 12, 1987.

Robert J. Steigauf, Woodbury, for appellant.

Patrick A. Farrell, Grannis, Grannis, Farrell and Knutson, So. St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and HUSPENI and MULALLY *, JJ., with oral argument waived.

## MEMORANDUM OPINION

EDWARD D. MULALLY, Judge.

Linda Ann Smith (formerly Linda Ann Ocell) and Thomas Ocell were divorced pursuant to a dissolution decree filed December 29, 1983. The parties were awarded joint legal custody of their three minor children. Linda was awarded physical custody of the children. Thomas was ordered to pay $200.00 per month per child for child support. At this time, only one child, Scott, remains a minor.

On October 3, 1986, Linda moved for post-judgment relief to increase child support. In support of her motion, she claimed that she had a decreased income and that Scott had increased needs. The parties stipulated that respondent's current net monthly income from employment is $1,778.00. Appellant is remarried, is a housewife, and does not work outside the home. The trial court found that modification was proper under Minn.Stat. § 518.64 (1986), stating that the child's needs had substantially increased, making the original decree unreasonable and unfair. Nevertheless, the court stated that the child's needs had not increased in an amount sufficient to invoke the child support guidelines set forth at Minn.Stat. § 518.551, subd. 5 (1986), and therefore awarded $330.00 per month as a "reasonable and fair amount for child support."

## DECISION

■ The child support guidelines enunciated in Minn.Stat. § 518.551, subd. 5 are applicable to all child support cases and modification orders, *Moylan v. Moylan,*

384 N.W.2d 859, 862–63 (Minn.1986), upon a showing of a substantial change in circumstances. *Meleen v. Meleen,* 372 N.W.2d 443, 444 (Minn.Ct.App.1985). Although the guidelines are not to be "blindly appl[ied]" in nonpublic assistance cases, they are to be utilized as "starting points for the determination of child support awards." *Moylan,* 384 N.W.2d at 863. Moreover, the trial court may not deviate from the guidelines without making detailed findings of fact justifying the deviation. *Id.* Findings are necessary to support a judgment and to aid the appellate court by providing a clear understanding of the basis and grounds for the decision. *Id.*

■ Here, the trial court failed to make findings regarding respondent's reasonable monthly expenses. *Quaderer v. Forrest,* 387 N.W.2d 453, 457 (Minn.Ct. App.1986). Neither did the court make express findings as to the child's physical, emotional, or educational needs as required by the statute. Minn.Stat. § 518.551, subd. 5(b)(2) (1986). Although the *Moylan* court stated that there are occasions where an appellate court can find support for a trial court's decision by an independent review of the record, this action is improper where it is unclear whether the trial court considered factors expressly mandated by the legislature. *Moylan,* at 865. The trial court's findings in this case are inadequate to support its conclusion that $330.00 per month is a reasonable and fair sum of support to the child, as they do not indicate the reasoning employed in declining to apply the guidelines.

This case is remanded to allow the trial court to make specific findings regarding the needs of the child, and its reasons for departing from the guideline figure.

Remanded.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.