HENNEPIN COUNTY and Cynthia
Marie See, petitioners,
Respondents,

v.

Joel Patrick HANNEMAN, Appellant.

No. C8–90–2645.

Court of Appeals of Minnesota.

June 18, 1991.

Review Denied Aug. 29, 1991.

Barbara N. Nevin, Milavetz and Associ-
ates, P.A., Crystal, for respondents.

Geri L. Napuck, Ronald Resnik Law Of-
fices, Brooklyn Center, for appellant.

Considered and decided by HUSPENI,
P.J., and PARKER and MULALLY *, JJ.

* Retired judge of the district court, acting as
judge of the Court of Appeals by appointment
pursuant to Minn. Const. art. VI, § 2.

OPINION

HUSPENI, Judge.

Respondent, the mother of a physically and sexually abused minor child who is under the jurisdiction of the juvenile court, sought attorney fees incurred primarily for a juvenile court evidentiary hearing. The juvenile court denied respondent's motion for fees under Minn.Stat. §§ 260.255, subd. 2(c), 549.21, subd. 2 (1990), and Minn. R.Civ.P. 11. Respondent then sought payment of the same attorney fees in the family court as additional child support. Appellant, the father, challenges the family court's award of the fees, as well as its modification of child support. We affirm in part and reverse in part.

FACTS

Appellant Joel Patrick Hanneman and respondent Cynthia Marie See have never been married and are the parents of a child born on December 21, 1984. Appellant admitted paternity. In a motion scheduled for hearing April 4, 1988, in a proceeding regarding visitation between appellant and the minor child pending in Hennepin County family court, respondent requested that the court-appointed guardian ad litem be removed,[1] and that all matters "pertaining to visitation and protection of the minor child * * * [be referred] to Hennepin County Juvenile Court." Meanwhile, on February 28, 1988, upon request of respondent's attorney, the juvenile court judge signed an ex parte temporary order for protection. At a hearing on March 4, 1988, at which both parties and the guardian ad litem appeared, the juvenile court reviewed respondent's petition for dependency/neglect and ruled:

That the Hennepin County District Court, Juvenile Division, has jurisdiction over the welfare of the child * * * and as such, is overruling the Family Division of

said court regarding the issue of visitation.

At an evidentiary hearing in April 1989, the juvenile court court found there had been sexual abuse of the minor child by appellant and suspended his visitation. The issue of attorney fees was reserved. Upon motion to the juvenile court by respondent under Minn.Stat. §§ 549.21, subd. 2, 260.255, subd. 2(c), and Minn.R.Civ.P. 11, a subsequent hearing was held which resulted in an order dated March 20, 1990, denying attorney fees. Respondent's motion to amend the juvenile court order or be granted a new trial was also denied. Respondent did not appeal from the juvenile court order to this court.

On April 19, 1990, respondent brought a motion before a family court referee, again seeking attorney fees, along with a modification of child support. This time the fees were sought on a "needs" basis. Additionally, respondent requested a separate award of attorney fees for the family court hearing.

The family court had set child support at $347 per month on June 9, 1989. By May 1990, respondent's monthly living expenses had increased from $858 in 1989 to $1,325. Respondent was receiving $437 per month from AFDC. Her 1990 expenses included a monthly attorney fees payment of $85 and the child's separate expenses for food, clothing, babysitting, school and ballet lessons associated with therapy. Appellant's monthly net income had increased from $1,428 in 1989 to $2,039 in 1990.

On November 5, 1990, the family court referee recommended that child support be increased to $507.75 per month, the guidelines amount, and that appellant be ordered to pay $6,120 at the rate of $85 per month for 72 months "as and for additional child support" for respondent's attorney fees incurred in connection with the juvenile court evidentiary hearing.[2] Fees in the amount

---

1. It appears from the record that respondent was displeased with decisions of the guardian ad litem regarding visitation between appellant and the minor child. However, the guardian ad litem apparently continued to participate in the proceedings before the juvenile court.

2. The family court referee found that respondent had "signed a Confession of Judgment to Milavetz & Associates, P.A., in an amount of $6,000 in order that Milavetz & Associates, P.A., could continue to represent her in the juvenile court proceedings. These attorney's fees were incurred to protect her minor child * * *. Mil-

of $375 "as and for additional child support," payable at the rate of $15 per month, also were awarded to respondent for the family court hearing.

Appellant did not seek review by the family court judge of the referee's November 5, 1990, recommended order pursuant to Minn.Stat. § 484.70, subd. 7(d) (1990). Instead, he appealed directly to this court. Respondent seeks additional attorney fees for this appeal.

## ISSUES

1. Was the juvenile court the proper division of the district court to hear a motion to award attorney fees as additional child support?

2. Was the family court precluded from relitigating the attorney fees claim?

3. Was the modification of child support erroneous?

## ANALYSIS

### I. *Award of Attorney Fees*

In denying respondent's motion for an award of $18,634.08 in attorney fees, the juvenile court found that the provisions of Minn.Stat. § 549.21, subd. 2 and Minn. R.Civ.P. 11 were not met. It further found that Minn.Stat. § 260.255, subd. 2(c) did not apply for two reasons: First, because that subdivision "addresses the issue of jurisdiction over persons contributing to the * * * neglect of the child, not cases where the alleged disputes involve sexual abuse"; and, second, because "under subd. 2, the court may order maintenance only if such person is responsible for the maintenance and care of the child." The trial court observed that respondent, not appellant (from whom the fees were sought), was the custodial parent who would have been subject to the authority of Minn.Stat. § 260.-255, subd. 2(c).

This court is not called upon to review the propriety of the juvenile court denial of

attorney fees [3] since respondent did not seek review of that denial in this court. She had such review available to her under Minn.R.Juv.Cts. 63.01, subd. 1. Instead, respondent brought before the family court a request for the same attorney fees she had been denied in juvenile court.

■ Appellant argues that in respondent's request for attorney fees before the juvenile court, she should have referred to Minn.Stat. ch. 518 as an alternative source under which fees would have been available. We agree. The juvenile court, as the forum in which respondent sought to have matters concerning the welfare of the child heard, and where respondent initially sought payment of attorney fees, had the authority to consider a motion pursuant to chapter 518. *See* Minn.Stat. §§ 256.87, subd. 1a, 257.66, subd. 3 (1990). Further, case law from this court is instructive on the issue of availability of the juvenile court to decide matters of child support. In *In re Welfare of S.K.*, 388 N.W.2d 774 (Minn.App.1986), Hennepin County family court referred a matter to Hennepin County juvenile court based upon allegations that one of the parents had sexually abused a minor child. In responding to an allegation that the juvenile court lacked jurisdiction to amend a family court child support order, this court stated:

> We acknowledge the unique jurisdiction of the juvenile court in determining matters regarding juveniles. However, the juvenile court is not divested of authority to hear other matters within the district court's jurisdiction. In the interests of judicial economy since the parties were before the juvenile court, that court properly heard the child support motion.

*Id.* at 776.

### II. *Relitigation of Attorney Fees*

■ We next address appellant's allegation that since the juvenile court could have heard respondent's chapter 518 motion for an award of attorney fees under *In re*

---

avetz & Associates, P.A., forgave attorney's fees in excess of $6,000 because of [respondent's] financial condition."

**3.** We agree with the juvenile court, however, that respondent erred in bringing her motion

under inapplicable Minn.Stat. § 260.255, subd. 2(c).

*Welfare of S.K.,* the respondent, in effect, relitigated in the family court a claim which is res judicata. We review de novo the availability of the doctrine of res judicata. *See Regents of Univ. of Minn. v. Medical Inc.,* 382 N.W.2d 201, 207 (Minn.App. 1986) (citations omitted), *pet. for rev. denied* (Minn. Apr. 18, 1986), *cert. denied* 479 U.S. 910, 107 S.Ct. 307, 93 L.Ed.2d 282 (1986).

 Res judicata, or claim preclusion, is "applicable when there has been a final judgment on the merits, the same cause of action is involved, and the parties are identical." *In re Medcenters Health Care, Inc.,* 450 N.W.2d 635, 641 (Minn.App.1990) (citation omitted), *pet. for rev. denied* (Minn. Mar. 8, 1990). A second suit on the same cause of action is barred "not only as to every matter which was actually litigated, *but also as to every matter which might have been litigated therein.*" *Sundberg v. Abbott,* 423 N.W.2d 686, 689 (Minn.App.1988) (emphasis in original) (quoting *Mattsen v. Packman,* 358 N.W.2d 48, 49 (Minn.1984)), *pet. for rev. denied* (Minn. June 29, 1988). "A change in [the] theory [of liability] cannot be used to avoid res judicata." *Nitz v. Nitz,* 456 N.W.2d 450, 452 (Minn.App.1990). Two suits involve the same claims if they "arise from the same operative nucleus of facts." *Id.* at 451 (citation omitted).

 In this case, the juvenile court order on attorney fees was appealable to this court because it was a final judgment on the merits. Minn.R.Juv.Cts. 63.01, subd. 1. *See Carlson v. County of Hennepin,* 428 N.W.2d 453, 457 (Minn.App.1988) (no collateral estoppel effect of juvenile court order regarding adoption filing requirements because order was interlocutory and not appealable), *pet. for rev. denied* (Minn. Oct. 10, 1988).

Although respondent did not litigate her claim for attorney fees under chapter 518 in the juvenile court, she could have. All of the grounds for an award of fees arose from the same operative nucleus of facts— the expense of the juvenile court evidentiary hearing—and should have been consol-idated into one hearing. We conclude, therefore, that the family court referee erred in recommending relief on the same attorney fees claim that the juvenile court rejected.

We note, further, that in addition to violating the doctrine of res judicata, the family court order is duplicative with respect to the attorney fees awarded for the juvenile court proceedings. Respondent listed $85 per month as an attorney fees item under expenses. When the family court referee recommended modified child support, she had before her respondent's expense statement which contained that $85 per month attorney fees item. The referee made no indication that her award of judgment against appellant for the juvenile court attorney fees was coupled with exclusion of this item from respondent's expenses.

III. *Child Support Modification*

 Finally, appellant challenges the trial court's increase of child support to $507.75 per month and its award of $375.00 as attorney fees in the family court proceedings. We find no error in either determination.

"Where there has been no motion for a new trial the only questions for review are whether the evidence sustains the findings of fact and whether such findings sustain the conclusions of law and the judgment." *Gruenhagen v. Larson,* 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976). In child support modification proceedings, the court must consider the child support guidelines. *Moylan v. Moylan,* 384 N.W.2d 859, 864 (Minn.1986); *see also In re Welfare of S.K.,* 388 N.W.2d at 776.

The trial court may modify a child support order upon a showing of either "substantially increased or decreased earnings of a party [or] substantially increased or decreased need of a party * * * which makes the terms [of the decree] unreasonable and unfair." Minn.Stat. § 518.64, subd. 2 (Supp.1989). The court must "take into consideration the needs of the children." *Id.* The court also must make "findings of fact that demonstrate [it] actually did take all relevant factors into con-

siberation." *Erickson v. Erickson*, 385 N.W.2d 301, 303 (Minn.1986).

The affidavit of respondent indicates total monthly expenses for 1989 of $858 and total monthly expenses for 1990 of $1,325. Respondent listed her expenses separately to indicate which ones are specifically for the support of the child. In her findings, the family court referee listed the child's dance lessons as an expense and also listed the $85 per month for attorney fees incurred "on behalf of the minor child." The referee further found that appellant's net monthly income had "increased from $1,428 in 1989 to $2,039 in 1990," and that respondent received AFDC payments of $437 per month.

Appellant contends the referee erred by not finding specifically under Minn.Stat. § 518.64, subd. 2, that the change in financial circumstances was substantial and the terms of the previous order are now "unreasonable and unfair." The referee, however, made findings which were supported by the evidence regarding substantial changes in appellant's income and the needs of respondent and the child. In view of these changed circumstances, the terms of the previous child support order were implicitly unfair because the minor child's increased expenses now reasonably required appellant to bear a greater portion of the financial burden. *See Lewis v. Lewis*, 410 N.W.2d 88, 91 (Minn.App.1987) (although court made no specific finding that the terms of the original decree were "unreasonable and unfair," such a finding was inherent in the court's determination).

Finally, in consideration of the relative financial circumstances of the parties, the referee did not abuse her discretion in recommending an award of $375 in attorney fees incurred in connection with the family court proceeding.

## DECISION

The family court was precluded by the doctrine of res judicata from allowing relitigation of the attorney fees claim, as the juvenile court had continuing jurisdiction over this matter. Accordingly, the award of $6,120 for attorney fees is reversed.

The increase of child support to $507.75 per month and the award of $375 for attorney fees are affirmed. We decline to award attorney fees to respondent for this appeal.

Affirmed in part and reversed in part.