MAUREEN AGNES ADAMS v. PATRICK JACOB ADAMS.

222 N. W. 2d 329.

September 20, 1974—No. 43916.

---

*Katz, Taube, Lange & Frommelt* and *A. Larry Katz,* for appellant.
*Herbert C. Davis,* for respondent.

Heard before Knutson, C. J., and Kelly, MacLaughlin, and Mulally, JJ., and considered and decided by the court en banc.

PER CURIAM.

The defendant husband in this divorce proceeding appeals from the decree, challenging the court's award of alimony and support, its division of the parties' property, and its award to the wife for her attorneys fees.

Plaintiff and defendant were married in 1957. At the time of trial, the wife was 37 years old, the husband 39 years old, and their six children ranged in age from 4 to 13 years. The parties had an estate of approximately $242,000. The husband's annual income from his medical practice in recent years ranged from $41,000 to $54,000. He had other income in addition to this. Plaintiff is a licensed registered nurse but has not actively engaged in her profession on a regular basis and having custody of six children militates against her seeking employment.

The court granted the wife property having a value of about $104,000 and the husband property having a value of about $138,000. In addition, the wife was granted alimony of $700 per month and child support payments of $1,200 per month. Under the terms of the decree the alimony was to increase by $200 for each of the first two children to be emancipated and when the third child is emancipated, the alimony is to reach a permanent level of $1,200 per month. The defendant was required to pay $3,400 for plaintiff's attorneys fees. The decree also had provisions defining emancipation and continuing child support under certain conditions to age 21 and even beyond where college attendance was involved. No issue was raised in the court below concerning the definition of emancipation, the duration of child support, and the husband's responsibility for post high school education of the children. In fact, the husband apparently acquiesced in these provisions for child support by proposing similar provisions in his motion to amend the initial conclusions of law except as to the amount of money to be paid. We are not considering these child support provisions in this appeal except as to the amount provided for that support.

The husband asserts here that the trial court abused its discretion

with respect to the division of property and the awards of alimony, child support, and attorneys fees.[1]

In view of the duration of the marriage, the amount of property, defendant's income, the life style of the parties, and all of the circumstances, we hold that the division of property and awards of alimony and child support were reasonable and proper. While the amount of attorneys fees awarded to plaintiff were reasonable and proper for the services performed, this court has indicated that "a wife with ample resources in hand or in prospect is not * * * dependent on her husband for the funds needed to pay counsel." Bollenbach v. Bollenbach, 285 Minn. 418, 441, 175 N. W. 2d 148, 162 (1970). We believe it is reasonable in this case that the husband pay no more than 50 percent of the wife's attorneys fees and costs.

We allow $400 attorneys fees to plaintiff on this appeal together with her costs and disbursements. We are aware that the defendant prevailed in part on one issue, i. e., the responsibility of the payment of the attorneys fees but that the plaintiff prevailed on all other issues.

Affirmed in part and reversed in part.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[1] Other issues raised are without sufficient substance to warrant any discussion.