In re the Marriage of Allen Lawrence LANDA, petitioner, Respondent,

v.

Rose Marie LANDA, Appellant.

No. C6–85–197.

Court of Appeals of Minnesota.

June 18, 1985.

Patrick J. Leary, Marshall, W. Scott Keller, Tracy, for respondent.

Robert V. Dalager, Fluegel, Anderson & Dalager, Morris, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## SUMMARY OPINION

POPOVICH, Chief Judge.

Appellant appeals from an order awarding her child support. She claims the trial court erred by failing to apply the child support guidelines under Minn.Stat. § 518.-551. Appellant also claims the trial court erred by not making respondent's child support obligation retroactive. We affirm in part, reverse in part and remand.

## FACTS

Appellant Rose Landa and respondent Allen Landa were divorced on March 19, 1982. The parties have two sons, Todd and Wade. Pursuant to a stipulation, Rose received custody of Todd and Allen received custody of Wade. Allen was ordered to pay $150 per month child support for Todd. This obligation lasted six months until Todd reached age 18.

In July 1984, Wade began living with Rose. On October 3, 1984, Rose moved the trial court to award legal custody of Wade to her and award child support in accordance with the child support guidelines. A hearing was held on November 13, 1984. Allen testified to his income and expenses, but Rose did not.

On November 29, 1984, the trial court issued an order granting Rose legal custody of Wade and ordering Allen to pay $250 per month child support starting December 10, 1984. The trial court did not apply the child support guidelines under Minn.Stat. § 518.551 and, accordingly, did not make findings justifying a departure from the guidelines.

## ISSUES

1. Did the child support guidelines apply in this matter?

2. Did the trial court err by not ordering a retroactive child support obligation?

## ANALYSIS

 1. While an amended judgment has not been entered in this matter, an order awarding child support is appealable of right. *See Angelos v. Angelos*, 367 N.W.2d 518 (Minn.1985).

2. The child support guidelines apply to the modification of child support orders.

> If a substantial change in circumstances is shown, the trial court then must apply the statutory guidelines unless it makes express findings of fact justifying the deviation.

*Hadrava v. Hadrava*, 357 N.W.2d 376, 379 (Minn.Ct.App.1984). The change of legal custody was a substantial change in circumstances. The trial court erred by refusing to apply or make findings justifying a departure from the child support guidelines. *Id.; see Neary v. Neary*, 366 N.W.2d 369, 371 (Minn.Ct.App.1985); *Kluge v. Kluge*, 358 N.W.2d 485, 487 (Minn.Ct.App.1984).

3. Rose claims the trial court erred by not making Allen's child support obligation retroactive. Minn.Stat. § 518.64, subd. 2 (1984) provides:

> A modification which increases support or maintenance shall not be made retroactive if the obligor has substantially complied with the previous order.

*Id.* Allen has complied with all previous orders. The trial court correctly refused to make Allen's support obligation retroactive in this matter. *Id.*

## DECISION

The trial court erred by refusing to apply or make findings justifying a departure from the child support guidelines. The trial court properly ordered prospective child support.

Affirmed in part and remanded for findings.