**In re the Marriage of Laurel Jean LARSON, petitioner, Respondent,**

v.

**Loren Mark LARSON, Appellant.**

**No. C4–85–232.**

Court of Appeals of Minnesota.

June 25, 1985.

Doris C. McKinnis, Patricia Callaghan, Kurzman, Manahan & Partridge, Minneapolis, for respondent.

Douglas A. Ruhland, Bradshaw & Ruhland, Eden Valley, for appellant.

Heard, considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ.

## OPINION

PARKER, Judge.

Appellant Loren Larson contends the trial court erred in determining his net monthly income and setting his child support obligation. We reverse and remand.

## FACTS

The parties' marriage was dissolved in 1974. The mother was given custody of the only child, Anthony, who was born in 1973. The original judgment and decree set the father's child support obligation at $65 per month, and it was increased to $150 per month in July 1979.

In July 1984 the mother moved for another increase in child support. She submitted to the court a summary of the father's income from 1978 through 1983, prepared

by a certified public accountant based on the father's tax returns. The summary purported to determine the amount of cash available to the father by adding to his income from highway construction work the unemployment compensation he received and the depreciation deductions taken for a farming operation. According to the mother's estimate, the father's net annual income ranged from $27,000 to $35,000. She argued that the father was using his farm solely to shelter his income from construction work, so the court should disregard farm losses at least to the extent of the large depreciation deductions. She requested an increase in child support to $588 per month.

The father argued that the depreciation deductions were not "paper losses" because, at least in 1983, he had made capital investments in equipment that exceeded the amount of the depreciation deduction. He supplied no affidavits to support this argument, but his tax return for 1983 was in the record and showed large capital expenditures. He offered a summary of his income for 1978–83 taken directly from tax returns, which included farm losses for every year based in large part on depreciation deductions. His estimate of his net annual income ranged from a loss of $2,500 to a profit of $13,600. He argued that there had been no change of circumstances since 1979 and, in the alternative, offered to pay $200 per month in child support.

The trial court issued an order in August 1984 finding that the mother's household expenses "have more than doubled from 1979 to 1984, and the amount of increase is substantially attributed to the needs of the minor child." The court also found that the father's net monthly income in 1983 was $1,735 and set his child support obligation at $430 per month under the guidelines. This net income figure was apparently derived by using the father's gross wages from construction work ($22,550), subtracting only social security ($1,511) and the minimal taxes paid because of the farm losses ($221).

The father then moved for reconsideration and/or amended findings. He submitted an affidavit containing his capital expenses for 1983. The mother opposed the motion and argued that the affidavit was outside the record and should not be considered. The trial court denied the motion for reconsideration, and the father appealed from an amended judgment which incorporated the modification order.

## ISSUE

Did the trial court err in determining the father's net monthly income and setting his child support obligation?

## DISCUSSION

The father does not dispute the trial court's finding of. changed circumstances based on the child's increased needs. His main contention is that the trial judge erred in basing the net income figure on his income from construction work without completely deducting the farm losses. We rejected this contention in *Knott v. Knott*, 358 N.W.2d 493, 496 (Minn.Ct.App.1984), when we directed the trial court on remand to appoint an expert to construct a net disposable income figure that accounts for farm depreciation deductions.

 A decision on whether the father is using discretionary income for purposes other than support of his child depends on whether he is operating the farm mainly as a tax shelter or as a longstanding, legitimate business that is suffering losses due to a harsh economic climate. The trial court apparently viewed the consistent farm losses as an indication that the farm was operated solely as a tax shelter. We agree that if the farm is operated as hobby and used only to shelter the father's income from construction work, the trial court in its discretion could completely disregard the shelter effect of the farm and compute net income based on his wages from construction work plus any unemployment benefits received. In that case, however, the court should subtract the father's tax liability on that income as determined by standard tax tables. By disregarding

taxes the father would have paid on this income but for the tax shelter, the trial court unfairly maximized the father's net income.

 On the other hand, if the farm is a longstanding, legitimate business and the father's income from construction work is supplementary, a more complex calculation is necessary which accounts for wages and unemployment compensation and averages factors such as depreciation and capital expenditures over a relevant period of years. *See, e.g., Otte v. Otte,* 368 N.W.2d 293 (Minn.Ct.App.1985); *Knott v. Knott.*

 The child support guidelines require the use of a net income figure which may be difficult to compute for self-employed persons or those who use tax-avoidance devices. We recognize that the use of tax shelters may actually increase the obligor's financial resources in the long run, although reducing the cash available on a monthly basis. An obligor may be able to persuade a trial court that downward deviation from the monthly support guidelines is appropriate in such a case if the child receives the benefit of the parent's increased financial resources in some other form, but a parent may not increase his or her capital net worth and at the same time avoid child support because less cash is available on a monthly basis.

The mother moved this court to strike the post-hearing affidavit submitted by the father on the ground that it is outside the record. Because we remand this case for additional evidence and further findings, we deny her motion. The mother also asks this court to award her attorney's fees on appeal under Minn.Stat. § 518.14. The parties' relative financial resources are such that the mother is entitled to a reasonable amount of attorney's fees on appeal.

## DECISION

 The trial court erred in computing appellant's net monthly income. We remand with directions to ascertain the father's reasons for continuing to operate the farm at a "loss," and based on this finding,

to construct a net income figure appropriate for use with the child support guidelines. If necessary, the court should appoint an expert and apportion the costs to the parties according to their ability to pay. We award the mother $400 in attorney's fees.

Reversed and remanded for proceedings consistent with this opinion.