**In re the Marriage of: Anthony SCHEIBER, Petitioner, Respondent,**

v.

**Marcia (Scheiber) AGEE, Appellant.**

**No. C1-85-785.**

Court of Appeals of Minnesota.

Oct. 15, 1985.

Cathy E. Gorlin, Best & Flanagan, Minneapolis, for respondent.

Raymond D. Rossini, Rossini & Associates, Minneapolis, for appellant.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and NIERENGARTEN, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from an order confirming a referee's recommended order which reduced child support and denied appellant's motions for a contempt order and an order compelling payments allegedly withheld by respondent in violation of the judgment and decree. We affirm.

## FACTS

Appellant Marcia Agee and respondent Anthony Scheiber were divorced on March 1, 1979. There are two children of the marriage, Laura, 16 years of age, and Nicole, 12.

The judgment and decree incorporated a stipulation signed by both parties, placing custody of both children with Marcia. By stipulation, Anthony was to pay child support of $500 per month until January, 1982, then $700 per month until 1987, the date of Laura's expected emancipation, when support would be reduced to $400 per month until 1990. He was also to maintain life insurance coverage, health insurance for the children, and to provide college tuition when required.

Anthony is a veterinarian whose practice is incorporated as a professional association. The change in his income is reflected in individual and corporate income tax returns in the file. Marcia was unemployed at the time of the dissolution in 1979, but has since acquired a doctorate degree and obtained employment.

There is no itemization of monthly living expenses submitted by Marcia for Nicole. Anthony submitted a statement of monthly living expenses.

The judgment and decree incorporated a stipulation provision that Anthony would deliver to Marcia "fifty percent (50%) of all meat he receives personally." Since the dissolution he has delivered only one pig. Anthony claims that he has not received any other meat. Marcia contends that he promised her she would never have to buy meat again, and that this promise was not dependent on his receipt of meat for services.

An order amending the judgment to provide for physical custody of Laura by Anthony was signed on June 1, 1984. This change in custody was stipulated to by the parties. Child support and other issues were continued.

Marcia did not submit a motion for an increase in support, nor an affidavit stating her monthly living expenses. The court, based on the stipulation provision for a support decrease upon Laura's emancipation, ordered support reduced to $400 due to the change in custody of Laura.

The trial court denied the contempt motion, and Marcia's motion for attorneys fees, which was based on the alleged withholding of meat, failure to provide tax returns, and failure to continue life insurance policies.

## ISSUES

1. Did the trial court err in reducing child support based on the terms of the stipulation?

2. Did the trial court err in denying relief based on an alleged violation of the "meat provision" in the judgment and decree?

## ANALYSIS

### I.

■ The child support payable by Anthony was reduced from $700 to $400 per month, based on the stipulation providing for such a reduction upon Laura's emancipation. The court implicitly found that the change in custody of Laura was an equivalent grounds for reduction. The referee stated as follows:

> This Court believes that credence to stipulations by the parties must be adhered to or else the substance of them has no lasting meaning. Judgment and Decrees of Divorce are not meant to be renegotiated or changed unless major changes have impacted the lives of the parties.

This statement, and the record as a whole, indicate that the trial court's decision was based solely on the change in custody. It did not consider the evidence and arguments presented for and against a modification of the judgment, for which no motion had been made.

The parties submitted affidavits and a wealth of documentation on their income and earnings. Appellant identifies 13 sub-issues concerning the appropriate determination of net monthly income for purposes of the child support guidelines. The trial court, however, made no findings on net income of either party, or a change in the needs of either party.

This court has recognized the problems involved in applying the statutory definition of net income, Minn.Stat. § 518.551, subd. 5 (1984), to self-employed obligors. *Larson v. Larson*, 370 N.W.2d 40, 42–43 (Minn.Ct.App.1985); *Knott v. Knott*, 358 N.W.2d 493, 496 (Minn.Ct.App.1984). These cases indicate the difficulty of this court deciding this issue without findings having been made by the trial court either on a net income figure or on whether there has been a substantial change in earnings.

■ Determination of net income of a self-employed obligor is a question of fact which requires findings of fact for appellate review. *See Knott*, 358 N.W.2d at 496.

Nor can we remand to the trial court an issue not properly presented to it by appropriate motion. The trial court properly followed the stipulation and judgment as to the issue presented to it. *See Fifield v. Fifield*, 360 N.W.2d 673, 675 (Minn.Ct.App. 1985) (voluntary deviation from guidelines by stipulation).

### II.

■ The trial court denied appellant's contempt motion based on an alleged violation of the meat provision as well as other provisions of the judgment and decree. The trial court also denied appellant's motion for attorneys fees.

The trial court found that Marcia failed to prove that Anthony had received any meats which the judgment and decree would require him to split with her. This finding was not clearly erroneous. There is no evidence in the file as to meats received. Indeed, Marcia claims in one affidavit that meat was never received in exchange for services, but rather purchased in bulk by Anthony.

■ Since the trial court found no violation of the terms of the judgment and decree, there was no basis for awarding attorneys fees pursuant to the judgment.

## DECISION

The trial court did not err in reducing child support after a change in custody of one of the children, since the judgment provided for the reduction when the child was emancipated. Failure to find a violation of the judgment was not clearly erroneous.

Affirmed.