In re the Marriage of Marleen LOOY-
EN, f.k.a. Marleen Martinson,
petitioner, Appellant,

v.

Richard MARTINSON, Respondent.

No. C3–86–152.

Court of Appeals of Minnesota.

July 22, 1986.

Jeffrey P. Hicken, Jensen, Hicken, Gedde & Soucie, P.A., Anoka, for appellant.

Roger C. Grugel, St. Cloud Area Legal Services, St. Cloud, for respondent.

Considered and decided by CRIPPEN, P.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Marleen Looyen appeals from an order suspending respondent Richard Martinson's child support obligation, forgiving a portion of his arrearages, and denying appellant's motion for an order holding respondent in constructive civil contempt. We affirm.

## FACTS

The marriage of the parties was dissolved on July 26, 1972. The decree granted custody of the three minor children to appellant Marleen Looyen and ordered respondent Richard Martinson to pay child support of $60 per week. Since that time, the parties have been back in court on several occasions regarding visitation and child support.

In November 1977, the court reduced respondent's child support obligation to $175 per month. Respondent's child support was later increased to $60 per week in an order dated June 10, 1982. By order dated December 28, 1984, the court denied respondent's motion for reduction in child support, awarded judgment against respondent for $1,750, and ordered him to pay $50 per month toward his child support arrearages. In the same order, the court found respondent in constructive civil contempt and sentenced him to thirty days in jail, which was stayed on the condition that respondent remain current on his arrearages. By order dated May 10, 1985, the court denied respondent's motion for a decrease in child support, ordered respondent to pay $500 in attorney's fees, and revoked the stay on the jail term, ordering respondent to serve the thirty days.

The parties stipulated to a rehearing of the portion of the May 10 order regarding child support. Upon rehearing, the court made findings on the parties' income and expenses. Appellant has been remarried and divorced since the entry of the judgment and decree and has two minor children residing with her from her second marriage. The court found that appellant has been on medical leave from her job since April 1985, and that she receives net disability compensation of $167 per week. When appellant works, she has a net income of $230 per week. In addition, the court found that appellant receives $660 per month for child support from her second husband for their two minor children. The court also found that appellant's home is currently being foreclosed upon, and that she has monthly expenses of $2,300.

Respondent has remarried since the entry of judgment and decree and has three minor children from his second marriage. The court found that respondent and his wife operate a farm as their exclusive source of income, and that they currently receive food stamps. In addition, the court found that respondent has no checking account and has only $9.14 in savings. The court calculated respondent's arrearages for child support to be $1,840 since October 1, 1984, of which $750 has been accrued since May 10, 1985. The court found that respondent's failure to pay child support was not willful because his income was insufficient to meet his responsibilities. The court determined that respondent had a net cash farm income of $5,195 in 1984. Subtracting the cash income from the farm operating expenses for the period beginning January 1, 1985 and ending September 30, 1985, the court calculated respondent's gross monthly income to be $440.52, resulting in a net monthly income of $367.39. The court, relying on the testimony of a county supervisor for the Farm Home Administration, found that respondent's account was in default as of January 1, 1985.

The court ordered that respondent's arrearages be forgiven and that respondent's

child support obligation be suspended until his net monthly income as defined in Minn. Stat. § 518.551, subd. 5 exceeds $400. The court also ordered respondent to provide appellant and her attorney with monthly statements of his net cash farm and non-farm income, the estimated federal and state taxes due, and the amount of social security paid. The court denied appellant's motion for a finding of constructive civil contempt.

### ISSUES

1. Did the trial court err in failing to refer to the most recent order in determining whether to suspend respondent's child support obligation?

2. Did the trial court err in its calculation of respondent's income?

3. Did the trial court abuse its discretion in determining that respondent's failure to pay child support was not willful?

4. Did the trial court abuse its discretion in failing to find respondent in constructive civil contempt of court?

5. Did the trial court abuse its discretion in failing to award appellant her attorney's fees?

### ANALYSIS

■ 1. Appellant argues that the trial court erred by failing to refer back to the most recent order to determine whether to modify respondent's child support obligation. We find no error here. The trial court properly looked back to the most recent order *modifying* child support. *Blomgren v. Blomgren,* 386 N.W.2d 378, 380 (Minn.Ct.App.1986); *see Wiese v. Wiese,* 295 N.W.2d 371, 372 (Minn.1980). The order of December 28, 1984 *denied* respondent's motions for modification. Therefore, the court correctly referred to the order of June 10, 1982, in which the trial court *increased* respondent's child support from $175 per month to $60 per week.

Pursuant to Minn.Stat. § 518.64, subd. 2 (1984), the trial court concluded that respondent's and appellant's needs and finan-cial obligations have substantially changed since the order of June 10, 1982, making that order unfair and inequitable with regard to respondent's child support obligations. We find sufficient support for the trial court's determination. The award of child support in 1982 was based on respondent's income of $165 per week after deductions. The trial court found that respondent's net monthly income had decreased in 1985 to $367.39 and that respondent and his family receive food stamps. In addition, the court found that respondent was in default on his farm loans as of January 1, 1985.

2. Appellant claims that the trial court incorrectly computed respondent's net monthly income. The court made the following calculations:

15. The Respondent had cash farm operating expenses for the year 1984 of $36,592.00. He incurred capital expenditures of $560.00 for a gravity box. He had livestock income of $41,436.00 and other farm income of $351.00 for the year of 1984. This leaves a net cash farm income of $5,195.00 for the year of 1984.

16. The Respondent has a gross monthly income, cash income minus farm operating expenses, from the period beginning January 1, 1985 to September 30, 1985 of $440.52; he has a gross weekly income over the same time period of $101.66. These figures do not include sums for depreciation, taxes, social security, etc.

17. The Respondent's net monthly income is approximately $367.39. Respondent's gross monthly income is $440.52 with deductions for federal and state income taxes and social security, his net monthly income would be approximately $367.39.

The court of appeals has recognized the difficulty in determining the net income of a self-employed farmer. *Knott v. Knott,* 358 N.W.2d 493, 496 (Minn.Ct.App.1984). The trial court, in a memorandum accompanying its order, stated that respondent clearly operated his farm as a legitimate

business and not as a tax shelter. Respondent testified that he has been a dairy farmer for seven years and that he and his family work on the farm at least twelve hours a day, seven days a week. In such a case, it is appropriate for the trial court to allocate depreciation and capital expenditures over a relevant period of time. *Larson v. Larson*, 370 N.W.2d 40, 43 (Minn.Ct. App.1985). The trial court calculated respondent's net monthly income by averaging his monthly cash receipts and expenditures from January 1, 1985 until September 30, 1985. The court subtracted federal and state taxes but did not take into account depreciation or capital expenditures. Thus, the court indicated that its figure of $367.39 is somewhat higher than respondent's actual net monthly income as defined by Minn.Stat. § 518.551, subd. 5 (1984).

■ We find no error in the trial court's methodology. The cases relied on by appellant for the proposition that a party's earning capacity and history should be considered are inapplicable. Those cases involve parties who recently changed from a wage-earner to self-employment, *see, e.g., Ferguson v. Ferguson*, 357 N.W.2d 104 (Minn.Ct.App.1984), *Ronay v. Ronay*, 369 N.W.2d 6 (Minn.Ct.App.1985), or who receive income from other sources, *Gabrielson v. Gabrielson*, 363 N.W.2d 814 (Minn. Ct.App.1985). Furthermore, the trial court did not abuse its discretion in failing to utilize the projected gross revenues testified to by the county supervisor for the Farm Home Administration. Rather than rely on projections made in January 1985 for the coming year, which the witness indicated may have been inaccurate, the trial court appropriately utilized the actual figures provided by respondent for January 1985 until September 30, 1985.

3. Appellant also argues that respondent's failure to pay child support was willful because he honored other obligations, such as farm debts, utilities, and insurance, before paying child support. Minn.Stat. § 518.64, subd. 2 provides that a modification decreasing support may be made retro-

active only upon a showing that the failure to pay was not willful.

■ We find no abuse of discretion here because respondent presented the trial court with sufficient evidence to show that he did not willfully fail to pay child support. The court found that respondent's net monthly income was $367.39, that his family received food stamps, and that he was in default on his farm loans. The obligation to pay child support takes precedence over other obligations "unless they arise from the necessities of self-sustenance." *Arora v. Arora*, 351 N.W.2d 668, 671 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. Oct. 11, 1984). If respondent did not pay farm debts and buy farm supplies, he would be unable to support his family or meet any child support obligations.

■ 4. Appellant argues that the trial court abused its discretion by denying her motion to find respondent in civil contempt of court under Minn.Stat. § 588.01, subd. 3(3) (1984) for failing to pay child support. The trial court found that respondent's income was insufficient to meet his child support obligations. The supreme court has stated that "[i]ncarceration is unwarranted if a party is wholly unable to comply." *Tell v. Tell*, 383 N.W.2d 678, 684 (Minn.1986). In light of respondent's limited income and his need to keep his farm operating, we find no abuse of discretion in the trial court's failure to hold respondent in contempt of court.

■ 5. Appellant's final argument is that the trial court erred by failing to rule on her motion for attorney's fees. Minn. Stat. § 518.14 (1984) allows the court to make an award of attorney's fees "after considering the financial resources of both parties * * *." Because we find sufficient support in the record for the trial court's findings regarding respondent's current financial problems, we interpret the court's failure to rule as a denial of appellant's motion for attorney's fees. We find no abuse of discretion.

## DECISION

The trial court did not err in its calculation of respondent's net income or in its reference to the last order modifying child support when determining to suspend respondent's child support obligations. In light of the financial difficulties both parties are experiencing, the trial court did not abuse its discretion in determining that respondent's failure to pay child support was not willful, in failing to find respondent in civil contempt, and in failing to award appellant attorney's fees.

Affirmed.