In re the Marriage of Nancy **GERARDY, Petitioner, Appellant,**

v.

Mark **GERARDY, Respondent.**

No. C3-86-2161.

Court of Appeals of Minnesota.

May 19, 1987.

Curtis L. Charlson, Charlson & Marben, P.A., Thief River Falls, for appellant.

Roger C. Malm, Brink, Sobolik, Severson, Vroom & Malm, P.A., Hallock, for respondent.

Heard, considered and decided by PARKER, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

PARKER, Judge.

In this dissolution case the trial court originally awarded the parties joint physical custody of their five-year-old son. On appeal this court reversed, granting appellant sole physical custody. *Gerardy v.* *Gerardy*, 391 N.W.2d 915 (Minn.Ct.App. 1986), *pet. for rev. denied*, (Minn. Oct. 17, 1986). Appellant then moved the trial court to amend the original child support award, the visitation schedule and the allocation of the income tax deduction for dependent children in light of this court's decision. The trial court amended its custody award and visitation schedule, but refused to modify its child support award or tax deduction determination, despite the change of custody. Nancy Gerardy appeals the trial court's refusal to modify those determinations, and Mark Gerardy appeals the trial court's amendment of the original visitation schedule. We affirm in part, reverse in part and remand.

### FACTS

Appellant Nancy Gerardy and respondent Mark Gerardy were married on July 15, 1979. They have one child, Brandon Michael Gerardy, born June 22, 1980. On August 8, 1985, appellant commenced a marriage dissolution action, and both parties requested custody of their son. At that time appellant was 26 years old, had been employed since 1984 as a licensed practical nurse, and was earning average net take-home pay of $200 per week. Respondent was 30 years old, had been working as a grocery distributor for 12 years, and was earning net take-home pay of $284 per week.

On February 7, 1986, judgment was entered awarding the parties joint legal and physical custody of their son. Pursuant to that judgment, the court set up a joint custody schedule allowing Brandon to spend an equal amount of time living with each parent.

The judgment of dissolution further provided that the parents were to pay equally for Brandon's support. Respondent was to pay one-half of Brandon's child care, medical, day care and schooling expenses, and appellant was to pay the other half of these expenses, provided that her share of the expenses did not exceed $170 per month.

The judgment also provided that respondent could claim Brandon as a deduction on his 1985 income tax return and that appel-

lant could claim him for 1986. After 1986, the parties' right to claim Brandon as a deduction was to alternate each year.

Nancy Gerardy appealed the trial court's judgment, claiming that she was entitled to sole physical custody of Brandon. This court agreed, holding that the trial court abused its discretion by failing to find that appellant was Brandon's primary caretaker under *Pikula v. Pikula*, 374 N.W.2d 705 (Minn.1985). The joint custody award was reversed, and appellant was granted sole physical custody of the child. *Gerardy v. Gerardy*, 391 N.W.2d 915 (Minn.Ct.App. 1986), *pet. for rev. denied*, (Minn. Oct. 17, 1986). No other issues were raised in the first appeal.

Appellant then moved the trial court to order child support according to the guidelines in Minn.Stat. § 518.551 (1986), establish a visitation schedule for respondent, and grant her the income tax deduction for Brandon.

On November 21, 1986, the trial court amended its judgment to grant appellant full physical custody of Brandon. The court also established respondent's visitation rights:

(i) The father shall have visitation on alternating weekends as well as overnight stays each week.

(ii) During the two-week (approximate) Christmas school vacation the child shall spend one-half or one week with his mother, whichever is greater, and one-half or one week, whichever is greater, with his father. The parties shall make provision for alternating Christmas Eve and Christmas Day between the parties.

(iii) During the time from May 16 to the beginning of the school year in the fall each year the child shall alternately reside first with his mother for two weeks, then with his father for two weeks with the provision for one overnight stay each week with the parent who does not have the child with him or her during that period of time. The child's schedule shall be arranged so that the child returns to reside with his mother at least three days before school commences in the fall.

Despite the change of Brandon's custody, the trial court refused to modify its previous child support award, ruling that there had been no showing of a change of circumstances that would justify a modification of the 50/50 arrangement set forth in the original judgment. The court also refused to modify its ruling that the parties could claim Brandon as a tax deduction in alternating years, again finding no showing of a change of circumstances.

## ISSUES

1. Did the trial court err by refusing to modify its original child support order to reflect the change of custody?

2. Did the trial court err by refusing to allocate the income tax deduction for dependent children to appellant as the custodial parent?

3. Did the trial court abuse its discretion by modifying its original order as to visitation?

## DISCUSSION

### I

The trial court refused to modify its original child support order, noting:

The [court of appeals'] decision made no reference to a reversal of any of the other provisions of the decision of this Court [aside from custody].

* * * It is specifically noted that the Appellate Court did not order a remand for other corrections.

* * * There has been no showing of a change in circumstances which would justify a modification.

The trial court apparently did not feel that this court's reversal of its child custody determination necessarily mandated a modification of the child support obligations. However, as the North Dakota Supreme Court held, "the effect of a reversal on appeal is that the judgment is vacated and the parties are put in the same posture as they were in before the judgment was entered. *Dependent orders and proceedings fall with the reversal of the judgment.*" *Bergstrom v. Bergstrom*, 320

N.W.2d 119, 122 (N.D.1982) (emphasis added). A child support order is dependent on the accompanying child custody determination, because one's financial capabilities are directly affected by having custody of a child. Thus, the trial court certainly had the authority to modify its child support order.

■ Respondent argues that by appealing only the custody award in her first appeal, appellant waived her right to subsequently appeal other issues such as child support. However, upon the reversal of a trial court judgment, that court is at liberty to proceed in any way not inconsistent with the appellate court's opinion. *National Surety Co. v. Wittich*, 186 Minn. 93, 95, 242 N.W. 545, 546 (1932). Moreover, Minn. Stat. § 518.64 (1986) provides that child support decrees may be modified at any time after entry. *See Dent v. Casaga*, 296 Minn. 292, 296, 208 N.W.2d 734, 737 (1973) (decree of divorce providing for future support payments is a final judgment, but such decree may be subsequently modified).

Under Minn.Stat. § 518.64, subd. 2, child support decrees may be modified upon a showing of

(1) substantially increased or decreased earnings of a party;

(2) substantially increased or decreased need of a party;

(3) receipt of assistance * * *; or

(4) a change in the cost-of-living for either party as measured by the federal bureau of statistics,

any of which makes the terms unreasonable and unfair.

The trial court found that appellant had shown no substantial change that would mandate a modification, ignoring the fact that the change of custody will unavoidably increase appellant's needs and cost of living. This fact was recognized in *Landa v. Landa*, 369 N.W.2d 330 (Minn.Ct.App. 1985), in which a child's custody was changed from his father to his mother. This court held that "[t]he change of legal custody was a substantial change in circumstances." *Id.* at 331. Similarly, in *Scheiber v. Agee*, 374 N.W.2d 819, 821

(Minn.Ct.App.1985), this court affirmed a child support modification that was based solely on a transfer of custody from the mother to the father.

By refusing to modify its original child support award, the trial court also ran afoul of the statutory child support guidelines set forth in Minn.Stat. § 518.551 (1986). Under the guidelines, respondent's child support obligation presumably should be 25 percent of his net monthly income.

The trial court similarly failed to follow the statutory guidelines in *Landa*. In that case the court awarded the mother child support after transferring custody from the child's father, but granted less than the amount mandated by section 518.551. On appeal this court held:

> The child support guidelines apply to the modification of child support orders. If a substantial change in circumstances is shown, the trial court then must apply the statutory guidelines unless it makes express findings of fact justifying the deviation. The change of legal custody was a substantial change in circumstances. The trial court erred by refusing to apply or make findings justifying a departure from the child support guidelines.

*Landa*, 369 N.W.2d at 331 (citations omitted).

■ The trial court here similarly refused to make findings justifying its departure from the statutory guidelines; in fact, the court made no mention of the guidelines whatsoever. These actions constituted clear error that must be reversed in accordance with *Landa*.

## II

The trial court also refused to modify its determination that appellant and respondent could each claim Brandon as a dependent for tax deduction purposes in alternating years. The court simply found that "[t]here has been no showing of a change of circumstances which would justify this Court in changing the original decision."

The federal Tax Reform Act of 1984 changed the law as to dependency exemp-

tions for divorced parents. Under 26 U.S.C. § 151(c)(1)(B) (1986), a taxpayer may claim one deduction for every dependent under the age of 19. 26 U.S.C. § 152(a) (1986) defines a dependent as an individual who receives half of his or her support from the taxpayer. The newly enacted section 152(e), which applies to decrees entered after January 1, 1985, provides:

Except as otherwise provided in this subsection, if—

(A) a child * * * receives over half of his support during the calendar year from his parents—

(i) who are divorced or legally separated under a decree of divorce or separate maintenance,

* * * and

(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,

such child shall be treated * * * as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year.

■ The trial court ignored the clear language of the federal tax code, which mandates that appellant, as the custodial parent, be allowed to claim Brandon Gerardy as an income tax deduction. Although the law provides some exceptions to this general rule, none of the exceptions apply here. *See* 26 U.S.C. § 152(e)(2)–(4) (1986). The trial court clearly erred by ignoring the express language of the federal law.

### III

Respondent urges this court to review the trial court's "modification" of his visitation rights. Under the original dissolution decree, appellant and respondent were awarded joint legal and physical custody of their son. Therefore, the court set up a split custody arrangement to ensure that both parents would have Brandon for an equal amount of time. Upon this court's reversal of the custody determination, the trial court established a visitation schedule for respondent, who will have Brandon every other weekend, one additional night every week during the school year, and for half of Brandon's Christmas and summer vacations.

Respondent characterizes this visitation schedule as a modification of a prior visitation schedule established when the parties were erroneously awarded joint custody of Brandon, and he contends that any reduction in his visitation rights must be predicated on a showing of harm or damage to the child. If this court were to adopt respondent's argument, he would have equal custody of Brandon, even though this court previously ordered *appellant* as Brandon's physical custodian. As appellant points out in her reply brief, "this argument completely ignores the [previous] mandate of the court of appeals."

■ As discussed above, upon the reversal of a trial court judgment, that court may proceed in any way not inconsistent with the appellate court's opinion. The trial court would have abused its discretion had it *not* established a visitation schedule in conformance with this court's decision. It cannot, therefore, be an abuse of discretion to have done so.

### IV

Respondent is also hereby required to pay $400 for appellant's attorney's fees on this appeal, together with her costs and disbursements in the appeal proceedings. *See Adams v. Adams*, 301 Minn. 495, 497, 222 N.W.2d 329, 331 (1974); *Deliduka v. Deliduka*, 347 N.W.2d 52, 57 (Minn.Ct.App. 1984), *pet. for rev. denied*, (Minn. July 26, 1984).

### DECISION

The trial court's refusal to amend its child support determination is reversed. On remand the trial court is ordered to make findings as to respondent's current net monthly income and apply the statutory guidelines in setting child support or make specific findings justifying any departure therefrom.

The trial court's refusal to amend its order allocating the income tax deduction for dependent children is reversed. Appellant is hereby awarded the deduction, in

accordance with the federal Tax Reform Act of 1984.

The trial court's order as to respondent's visitation schedule is affirmed.

Affirmed in part, reversed in part and remanded.