In Re the Marriage of Mary Louise (Timmer) PREUSSNER, Respondent,

v.

Wendell Dean TIMMER, Appellant.

No. C7–87–732.

Court of Appeals of Minnesota.

Nov. 3, 1987.

Richard J. Rawlings, St. Cloud, for respondent.

Brian F. Kidwell, Hall, Byers, Hanson, Steil & Weinberger, St. Cloud, for appellant.

Heard, considered and decided by POPOVICH, C.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from an order denying appellant Wendell Timmer's motion for amended findings and conclusions of law or a new trial. Timmer contends the trial court erred by failing to consider depreciation deductions when modifying his child support obligations. We remand.

## FACTS

The marriage of Wendell Timmer and Mary Preussner was dissolved in April 1981. Mary was awarded physical custody of the parties' three minor children. Wendell was required to pay $150 in monthly support for each child until April 1983 when monthly support was increased to $160 per child.

In July 1985 the parties' oldest child chose to reside with Wendell. Several months later, Mary asked the trial court to order Wendell to pay support arrearages. She also requested the court to modify the child support obligations to comport with the statutory support guidelines and for other amendments. Wendell moved the court for an order awarding him custody of the oldest child and amending support obligations to reflect the custody change.

The trial court acknowledged the parties' stipulation that there had been a substantial change in circumstances which made the child support provisions of the April 1981 decree unreasonable and unfair. The court found that Wendell had a monthly net income of approximately $2,703 and monthly expenses totaling $1,920, and that Mary had a monthly net income of approximately $1,300 with monthly expenses totaling $2,159. The court found that Wendell was able to provide $811 per month for the support of the two minor children in Mary's custody and that Mary was able to provide $325 in monthly support for the minor child in Wendell's custody. The support amounts were calculated in accordance

with the child support guidelines. The court concluded Wendell was entitled to a downward departure from the statutory guideline amount in an amount equal to Mary's $325 monthly support obligation.

In determining Wendell's net income, the court did not allow depreciation deductions for Wendell's rental property or his computer systems company. The court explained:

> Because the statute is silent regarding depreciation, no allowance for these sums was made. However, use of the standard deduction does afford [Wendell] some reduction in net income for child support purposes.

Wendell moved for amended findings of fact and conclusions of law or a new trial arguing that the trial court erred by denying him any allowance for depreciation. The court ultimately concluded Wendell had a monthly net income of $2,406 and, after allowing a $325 offset representing Mary's support obligation, ordered Wendell to pay $397 per month in child support. The court ruled that Wendell "may not use depreciation as an actual expense to reduce his income for child support purposes." Judgment was entered March 11, 1987. Wendell appeals from that judgment.

## ISSUE

Did the trial court err by disallowing depreciation deductions when it calculated the appellant's net monthly income for the purposes of establishing child support obligations?

## ANALYSIS

Trial courts have broad discretion in determining child support. "If the determination has a reasonable and acceptable basis in fact, it must be affirmed." *Kirby v. Kirby,* 348 N.W.2d 392, 394 (Minn.Ct.App. 1984) (citing *DuBois v. DuBois,* 335 N.W. 2d 503, 507 (Minn.1983)). Child support determinations will be upheld on appeal "unless they are clearly erroneous." *See Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984); Minn.R.Civ.P. 52.01. A trial court's findings are clearly erroneous if they were induced by an erroneous view of the law. *See Ortendahl v. Bergmann,* 343 N.W.2d 309, 311 (Minn.Ct.App.1984).

■ Child support obligations are determined by a statutory formula and are based on the obligor's monthly "net income." *See* Minn.Stat. § 518.551, subd. 5(a) (1986). Net income is defined as total monthly income minus federal and state income taxes, social security and pension deductions, and other enumerated items. *See id.* Although the support guidelines do not expressly refer to depreciation deductions, under certain circumstances depreciation deductions may be considered when determining an obligor's net income for the purposes of establishing child support obligations. *See, e.g., Larson v. Larson,* 370 N.W.2d 40, 43 (Minn.Ct.App.1985).

■ We note that "taxable income is not always a reliable indication of net income." *Otte v. Otte,* 368 N.W.2d 293, 297 (Minn.Ct. App.1985). However, when the record contains credible evidence of legitimate depreciation deductions, the trial court should consider those deductions in determining an obligor's net income. *See Hertz v. Hertz,* 304 Minn. 144, 147–48, 229 N.W.2d 42, 45 (1975). Under the circumstances, we believe the trial court erred when it concluded it need not consider any depreciation deductions in determining Wendell's net income.

If Wendell's computer company is a legitimate business enterprise and Wendell can establish that depreciation deductions are necessary for business capital purposes, the trial court should consider those deductions in determining what proportion of Wendell's income reasonably could be available for payment of child support obligations. *See id.; Looyen v. Martinson,* 390 N.W.2d 465, 468 (Minn.Ct.App.1986) ("it is appropriate for the trial court to allocate depreciation and capital expenditures" associated with a legitimate business enterprise). Likewise, if Wendell can establish that his rental property is retained for legitimate income-producing purposes and that the rental property is not held primarily for the purposes of sheltering income, the trial court should consider

the depreciation deductions associated with that property. *See Larson,* 370 N.W.2d at 42 (the trial court may "completely disregard" the depreciation deductions associated with property retained for income sheltering purposes).

Since the trial court erroneously concluded depreciation deductions should not be considered in determining Wendell's net income, we remand this case to the trial court for consideration of the depreciation deductions. In determining what proportion of Wendell's income is reasonably available to pay child support, the trial court should consider what, if any, depreciation deductions are related to good faith legitimate business enterprises and whether those deductions are necessary for business capital purposes. *See In re Larson,* 408 N.W.2d 612, 616 (Minn.Ct.App.1987).

## DECISION

The trial court erred by failing to consider the appellant's depreciation deductions when it determined his net income for the purposes of establishing child support obligations. We remand for further consideration of the appellant's depreciation deductions.

The respondent's motion for attorney fees incurred during this appeal is denied.

Remanded.